328 So.2d 204 (1976)
A.J. DAVIS et al., Appellants,
v.
Edith M. ASBELL, Appellee.
No. Z-282.
District Court of Appeal of Florida, First District.
March 11, 1976.
Rehearing Denied April 1, 1976.
*205 Edwin C. Cluster, of Ayres, Cluster, Curry, Meffert & McCall, Ocala, for appellants.
W.N. Avera, of Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, for appellee.
RAWLS, Acting Chief Judge.
Appellee, Edith M. Asbell, brought this action against appellants seeking damages for loss of consortium. Upon consideration of Mrs. Asbell's motion for partial summary judgment as to liability, the trial court granted same upon the theory of estoppel by judgment.[1] Appellants contend that the doctrine of estoppel by judgment was misapplied by the trial court because the essential element of identity of parties is missing.[2]
Gates v. Foley[3] controls. There, after holding that deprivation to the wife of the husband's companionship, etc., constitutes a real injury to the marital relationship and one which is compensable, Mr. Justice Adkins, speaking for the Supreme Court, stated:
"Where the husband's cause of action has been terminated by adverse judgment on the merits, this should bar the wife's cause of action for consortium.
"The rule that we now recognize is that the wife of a husband injured as a proximate result of the negligence of another shall have a right of action against that same person for her loss of consortium. We further hold that her right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant. This means that the tort-feasor was negligent and the husband was free from contributory negligence."
Clearly, the court held in Gates that if a spouse's cause of action has been terminated by an adverse judgment on the merits, the derivative cause of action vested in the other spouse is barred. Thus, had the prior judgment been for appellants and against Mr. Asbell, Mrs. Asbell would be estopped by that judgment. Appellants, who had every opportunity to litigate and did litigate against Mr. Asbell every essential issue of their liability, cannot invoke the mutuality rule, that they may not be estopped by the prior judgment if their present adversary, Mrs. Asbell, would not be so estopped. As a result, the prior judgment forecloses in Mrs. Asbell's favor all issues it determined.
We do not hold that a spouse's cause of action for loss of consortium is so dependent upon the other spouse's primary cause of action that the action for loss of consortium may be abated unilaterally by the spouse possessed of the primary action. That question has been settled by our opinions in Ryter v. Brennan[4] and Resmondo v. International Builders of Florida, Inc.[5] We do hold that the derivative cause of action for loss of consortium is subordinate to the primary action, and being so, that a judicial determination in the primary action as to the question of liability is binding upon the subordinate action for loss of consortium.
AFFIRMED.
SMITH, J., and OVERTON, Associate Judge, concur.
NOTES
[1] A judgment in favor of Mrs. Asbell's husband finding him free of contributory negligence had previously been rendered against the identical parties sued by Mrs. Asbell.
[2] Of interest is a motion to dismiss filed in the trial court wherein appellants alleged, inter alia: "2. That the claim of Edith M. Asbell for punitive damages is barred by estoppel by judgment or res judicata."
[3] Gates v. Foley, 247 So.2d 40 (Fla. 1971).
[4] Ryter v. Brennan, 291 So.2d 55 (Fla.App. 1st, 1974).
[5] Resmondo v. International Builders of Florida, Inc., 265 So.2d 72 (Fla.App.1st, 1972).