463 So.2d 581 (1985)
Sally Clayton JENKINS, Joined by Her Husband, Taylor Jenkins, Appellants,
v.
Charles Ray WEST, Frances Elaine West, and Atlanta Casualty Company, Appellees.
No. AX-405.
District Court of Appeal of Florida, First District.
February 19, 1985.
Cecil G. Costin, Port St. Joe, for appellants.
Jack G. Williams of Bryant, Higby & Williams, Panama City, for appellees.
PER CURIAM.
On September 2, 1982, plaintiff Sally Jenkins was injured in an automobile accident for which defendant conceded liability. The issue of damages was tried to a jury. Loss of income, past or future, was not claimed.
Prior to this accident, plaintiff was under the care of an orthopedic surgeon for a previous disability. Her left kneecap was removed, and, pursuant to her doctor's advice, she retired from her employment. Plaintiff was totally disabled prior to the September 2, 1982 accident. Plaintiff began drawing social security in 1981 and applied for disability under the State retirement *582 program prior to the accident, but received her first payment in April of 1983, subsequent to the accident.
At trial, the court instructed the jury that any social security payments and State retirement program disability payments received by the plaintiff were collateral source payments which should be deducted from their overall verdict. The instruction was based on Section 627.7372, Florida Statutes (1981). We do not construe that statute to allow deduction for social security benefits and disability payments which preexisted the instant accident. Indeed, an interpretation which would allow such a deduction could render the statute subject to challenge on constitutional grounds.[1]
We hold that social security benefits and state retirement disability benefits to which plaintiff is entitled prior to the instant injury which compensate plaintiff for damages not sustained or claimed in the instant injury, are not collateral to an award of damages for the instant injury. See Transit Homes, Inc. v. Bellamy, 671 S.W.2d 153 (Arkansas 1984).[2] The jury instruction was error; therefore, the award is reversed.
As to the second point on appeal, we agree that the plaintiff Taylor Jenkins offered substantial, undisputed evidence of loss of consortium. Hagens v. Hilston, 388 So.2d 1379 (Fla. 2d DCA 1980); Albritton v. State Farm Mutual Insurance Company, 382 So.2d 1267 (Fla. 2d DCA 1980); Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978); Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979). Therefore, since liability was conceded, he is entitled to at least nominal damages. A zero verdict cannot stand.
For the foregoing reasons, the case is reversed and cause remanded for a new trial on all damages consistent with this opinion.
BOOTH and SHIVERS, JJ., and TILLMAN PEARSON (Ret.), Associate Judge, concur.
NOTES
[1] Constitutional vulnerability on this or any other ground is not at issue in this appeal.
[2] In Transit Homes, Inc. v. Bellamy, 671 S.W.2d 153 at 160 (Ark. 1984), the Arkansas Supreme Court explained:

We do not think the court erred in allowing appellants credit for the $1,257 which the Veterans Administration was paying Bellamy in aid and attendance expenses. This sum was being paid prior to the occurrence here under consideration. It is not collateral income being received on account of the injuries received in the accident here in question.