467 So.2d 398 (1985)
Matthias J. PROPST, Appellant,
v.
John A. NEILY, D.O., et al., Appellees.
No. 84-908.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
Rehearing Denied May 9, 1985.
Guy B. Bailey, Jr., and Mercedes C. Busto of Bailey & Dawes, Miami, for appellant.
Bruce F. Simberg of Conroy & Simberg, P.A., Hollywood, for appellee  John A. Neily.
Harry M. Hausman of David L. Kahn, P.A., Fort Lauderdale, for appellees  Sunrise Medical Group, P.A., John F. Thesing, D.O., Stanley H. Frankowitz, D.O., James Yezbick, D.O., and David Miller, D.O.
HERSEY, Judge.
This is an appeal from an order determining that the defendants in a medical malpractice action were entitled to attorney's fees from one of the two plaintiffs.
Myrtle E. Propst sued the defendants for injuries alleged to have resulted from medical malpractice. Matthias J. Propst, her husband, joined in the complaint, alleging, inter alia, loss of consortium. The jury returned a special interrogatory verdict awarding money damages to Mrs. Propst and "zero damages" to Mr. Propst. The defendants moved for an award of attorney's fees against Mr. Propst under section 768.56, Florida Statutes (1983). The relevant portion of that statute provides:
(1) Except as otherwise provided by law, the court shall award a reasonable *399 attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization;
The trial court's order granting the defendants' motion is the subject of this appeal.
The zero verdict is not on appeal and the final judgment is silent as to the cause of action for loss of consortium. Neither of these factors is determinative of the issue on appeal although under different circumstances either or both might bear on the result.
In order to analyze the position taken by Propst it is necessary to briefly review the nature of his cause of action.
Consortium has been defined as the "[c]onjugal fellowship of husband and wife, and the right of each to the company, cooperation, affection, and aid of the other in every conjugal relation." Black's Law Dictionary 382 (4th ed. 1951).
At common law only the husband could recover for loss of consortium. Extending a similar right to the wife, the court in Gates v. Foley, 247 So.2d 40 (Fla. 1971), explained the ramifications of this cause of action:
Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage. (Citation omitted.)
Id. at 43.
The court further held that the right is a derivative one "and she may recover only if her husband has a cause of action against the same defendant." Id. at 45.
Propst, relying on Davis v. Asbell, 328 So.2d 204 (Fla. 1st DCA 1976), takes the position that since the cause of action is derivative, if the injured spouse prevails on the issue of liability against a tortfeasor the other spouse prevails as a matter of law on the claim for loss of consortium. The Davis case appears to be correctly cited for this proposition. However, subsequent case law, with which we agree, holds to the contrary. White Const. Co. v. DuPont, 430 So.2d 915 (Fla. 1st DCA 1983); Albritton v. State Farm Mut. Auto. Ins. Co., 382 So.2d 1267 (Fla. 2d DCA 1980). In the Albritton case the court acknowledges the rule that a derivative claim is barred by an adverse judgment on the direct or primary claim but points out that "the converse is not necessarily the case." Id. at 1268. The holding is that, given the predicate of injury to one spouse, it does not necessarily follow as a matter of law that the other spouse has a claim for loss of consortium. In addition to the underlying injury, the spouse claiming loss of consortium "must present competent testimony concerning the impact which the accident had on the marital relationship and, more specifically, evidence concerning [the] loss of consortium." Id. Under this holding, which we approve, Propst does not automatically prevail on the issue of liability simply because his spouse prevailed on her claims and he does not contend that he presented the requisite evidence.
Propst also argues that one who prevails on the issue of liability is the prevailing party regardless of the amount of damages assessed. He relies on two cases for this proposition. We distinguish both. In Blue v. Williams, 200 So.2d 626, 627 (Fla. 3d DCA 1967), the jury found "for the Plaintiff ... and assess[ed] his damages in the sum of zero ... Dollars." The Propst jury made no such finding of liability. In Raffel v. Magarian, 165 So.2d 249 (Fla. 3d DCA 1964), a summary judgment for plaintiff on the issue of liability was followed by a jury verdict of zero damages. Plaintiff was entitled to costs by virtue of the judgment on liability. Again there is no parallel in the present case. Neither the court nor the jury made a finding on the issue of liability. Thus, even if the Blue and Raffel cases were applicable here the result would simply be to render the zero verdict a nonfactor in making a determination as to who is the prevailing party. This is so because Propst has not supported the initial premise *400 of his argument, that is: that he prevailed on the issue of liability.
Appellant, Propst, having failed to carry his burden of showing error, the order is affirmed.
GLICKSTEIN, J., concurs.
BARKETT, J., dissents with opinion.
BARKETT, Judge, dissenting.
I respectfully dissent. Although I would agree with the majority if there had been a separate trial solely on the derivative claim, I would not apply section 768.56, Florida Statutes (1983), to the fact situation before us. In this case, the claim of a wife bringing an action in negligence was consolidated with her husband's claim for loss of consortium. Both husband and wife were represented by the same lawyer at the same trial. Only a miniscule portion of the trial was devoted to the husband's derivative claim. Mrs. Propst, alleging direct injury, received a damage award but Mr. Propst, alleging loss of consortium, did not. This situation seems analogous to a situation in which a party filing a multicount complaint prevails on only one count of that complaint. In such a situation, the party filing the complaint is, for purposes of awarding costs under section 57.041(1), Florida Statutes (1979), the "party recovering judgment." Hendry Tractor Company v. Fernandez, 432 So.2d 1315 (Fla. 1983). This same logic, in my opinion, should be applied to this case. Lastly, I do not see that this result furthers the purpose of section 768.56, Florida Statutes, which is to discourage plaintiffs from bringing nonmeritorious claims. I would reverse the award of attorney's fees against Mr. Propst under these circumstances.