535 So.2d 682 (1988)
Tom J. FLEMING and Joan Fleming, Husband and Wife, Appellants,
v.
ALBERTSON'S, INC., Appellee.
No. 88-924.
District Court of Appeal of Florida, First District.
December 22, 1988.
*683 Danny L. Kepner, of Shell, Fleming, Davis & Menge, Pensacola, for appellants.
Robert N. Heath, Jr., and C. Miner Harrell, of Harrell, Wiltshire, Swearingen, Wilson & Harrell, P.A., Pensacola, for appellee.
ZEHMER, Judge.
Tom Fleming and Joan, his wife, appeal the denial of their motion for new trial. The motion alleged that the trial court erred in allowing Mr. Fleming's workers' compensation benefits to become a feature issue of trial, erred in denying appellants' motion for an immediate collateral source instruction at the time that appellee inquired about Mr. Fleming's workers' compensation benefits, and erred in entering judgment on a jury verdict that awarded Mrs. Fleming zero dollars damages on her derivative claim for loss of consortium. Albertson's cross-appeals, asserting that the lower court erred in denying its request for a jury instruction on express assumption of risk. We reverse only the judgment for zero damages on Mrs. Fleming's claim.
This case arose out of a slip and fall accident that occurred at one of appellee's supermarkets. At the time of the accident Mr. Fleming was delivering magazines for his employer, Anderson News Company. Mr. Fleming arrived at the store during the early morning hours while store employees were in the process of restocking the shelves, and as he walked down one of the aisles he stepped on a can and fell. As a result, Mr. Fleming sustained a herniated disk, he lost several months of work, and his employer eventually terminated his employment.
Mr. and Mrs. Fleming filed suit for damages. Albertson's denied liability and alleged comparative negligence and assumption of risk as affirmative defenses. At trial, Mr. Fleming testified that he did not see the can before he stepped on it and that he did not have a clear view of the aisle because the store receiving clerk was walking just ahead of him. Implied assumption of risk has been subsumed into the comparative negligence doctrine. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). The facts in this case, viewed in a light most favorable to Albertson's, do not establish an express assumption of risk within the meaning of the exception to Blackburn recognized in Kuehner v. Green, 436 So.2d 78 (Fla. 1983), and Black v. District Board of Trustees of Broward Community College, 491 So.2d 303 (Fla. 4th DCA 1986). We find no error in the trial court's refusal to give the requested instruction on assumption of risk, for the matter was adequately covered by the comparative negligence instruction. Cf., Taylor v. Tolbert Enterprises, Inc., 439 So.2d 991 (Fla. 1st DCA 1983).
During trial, the Flemings placed in evidence Mr. Fleming's entire employee personnel file and a number of workers' compensation job search forms. Appellants argued that they placed these exhibits in evidence for the limited purpose of demonstrating that Mr. Fleming's employer terminated his employment because of his physical inability to perform the work *684 after the accident, to rebut the suggestion that Mr. Fleming had resigned his job. The job search forms were introduced to support Mr. Fleming's contention that he encountered difficulty finding comparable employment following that termination. On cross-examination, Albertson's was permitted, over objection, to inquire whether Mr. Fleming had not performed the job search as a prerequisite to receipt of workers' compensation benefits and what the amount of such benefits was. The contents of the files already in evidence contained information relating to each of the questions asked of Mr. Fleming. We hold that the trial court did not err in permitting this cross-examination. It is well settled that a party against whom a witness is called is entitled to full and fair cross-examination of that witness upon a subject opened in direct examination. Coco v. State, 62 So.2d 892 (Fla. 1953). Mr. Fleming did not offer only one or two relevant documents from the personnel file to prove the cause of his termination, nor did he request the court to give a limiting instruction directing the jury to consider such evidence only on the issues of whether appellant was terminated rather than fired, and whether the reason for such termination was Mr. Fleming's inability to perform the job because of his injuries. Although appellants did move, upon appellee's inquiry into this area, for an immediate jury instruction on the collateral source rule, we conclude that the court's denial of this motion was not reversible error, as it instructed the jury on the collateral source rule at the close of the case.
Regarding Mrs. Fleming's derivative damage claim for loss of consortium, both Mr. and Mrs. Fleming and their daughter Karen presented uncontroverted testimony that Mr. Fleming's injury had adversely affected his relationship with his wife and had diminished his ability to perform household tasks he had regularly performed prior to the injury. Although the jury found that Mr. Fleming sustained substantial injuries and assessed his damages at $142,500.00, it nonetheless awarded Mrs. Fleming zero (0) dollars on her claim. When the claiming spouse presents evidence that is substantial, undisputed, and unrebutted concerning the impact the injury had on the marital relationship, such spouse is entitled to receive at least nominal damages for loss of consortium. Lofley v. Insultech, Inc., 527 So.2d 902 (Fla. 2d DCA 1988); Albritton v. State Farm Mutual Automobile Ins. Co., 382 So.2d 1267 (Fla. 2d DCA 1980); Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979). In view of the substantial injuries to Mr. Fleming and the resulting disability and the substantial undisputed evidence that such injuries adversely affected the marital relationship, Mrs. Fleming was entitled, at least, to an award of nominal damages.
The judgment awarding Mrs. Fleming zero damages on her derivative claim is reversed and the cause is remanded for a new trial on damages only for her loss of consortium. In all other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SMITH, C.J., and BARFIELD, J., concur.