CAMPBELL, Chief Judge.
This appeal involves the issue of the adequacy of the jury’s verdict on damages sustained by appellants arising out of an automobile accident. Liability was admitted by appellee Threlkeld, the owner of the truck that struck the automobile owned and operated by appellant Carl Noah and occupied by his wife, appellant Cindy Noah, and his father-in-law, appellant Charles Freeman. Noah’s vehicle was approaching a traffic light in Lee County, Florida. Appellant Carl Noah was preparing to stop for the traffic light, which was red for traffic approaching in his direction, when he was struck from behind by appellee’s two-ton truck, which was operated by an employee of appellee acting in the course and scope of his employment. The resulting impact crushed the rear of the Noah vehicle, pushing it forward approximately a block and a half into another vehicle stopped for the traffic light.
Appellants Carl and Cindy Noah and Charles Freeman suffered personal injuries as a result of the accident. Appellant Carl Noah settled his personal injury claim before trial. He and appellant Suzanne Freeman, Charles Freeman's wife, joined in the action below to assert their derivative loss of consortium claims arising out of the *432 injuries to their spouses. Cindy Noah’s uncontested medical expenses totaled $4,480, all of which were unpaid. Charles Freeman’s medical expenses totaled $3,055 of which $1,000 was paid by collateral sources. The jury returned a verdict awarding appellant Cindy Noah total damages in the amount of $1,000 and awarding appellants Carl Noah and Charles and Suzanne Freeman zero damages. We reverse for a new trial on damages as to all appellants.
While we are always reluctant to order a new trial in the face of a jury verdict and the denial of a new trial by the trial judge, we conclude that the applicable law and the facts of this case require us to do so. Both appellants Cindy Noah and Charles Freeman presented evidence of objectively verifiable injuries. Their medical expenses were undisputed. A verdict awarding Cindy Noah $1,000 when she had unreimbursed medical expenses of $4,480, and awarding Charles nothing of his $2,055 unreimbursed expenses, is not sustainable in the face of a motion for new trial. State Farm Mutual Automobile Insurance Co. v. Howard, 458 So.2d 874 (Fla. 2d DCA 1984); Hector v. Florida Farm Bureau Mutual Insurance Co., 364 So.2d 1253 (Fla. 2d DCA 1978); Gonzalez v. Westinghouse Electric Corp., 463 So.2d 1229 (Fla. 4th DCA 1985); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971).
In regard to the derivative claims of Carl Noah and Suzanne Freeman for loss of services and consortium, they were at least entitled to nominal damages in view of their unrebutted testimony on those claims. Albritton v. State Farm Mutual Automobile Insurance Co., 382 So.2d 1267 (Fla. 2d DCA 1980).
Reversed and remanded for a new trial for all appellants solely on this issue of damages.
RYDER and ALTENBERND, JJ., concur.