577 So.2d 617 (1991)
Mary A. CHRISTOPHER and James E. Christopher, Wife and Husband, Appellants,
v.
Clement Bernard BONIFAY, Individually, and Shear Concrete Products, Inc., Appellees,
No. 90-970.
District Court of Appeal of Florida, First District.
March 18, 1991.
Rehearings Denied May 1, 1991.
Richard P. Warfield, of Warfield & Santurri, P.A., Pensacola, for appellants.
William L. Lee, Jr., of Shell, Fleming, Davis & Menge, Pensacola, for appellees.
PER CURIAM.
In this appeal from a judgment rendered in a personal injury action, appellants raise three issues directed to actions of the lower court during the course of the trial proceedings. We affirm as to the first two without discussion, finding them without merit. As to the third issue, however, we reverse and remand for a new trial.
Appellant/husband complains that the jury's verdict of zero damages on his claim for loss of consortium was error.[1] The rule is clear that a spouse is entitled to reversal of a zero verdict only if it can be said that the record contains "substantial, undisputed evidence of loss of consortium." Hagens v. Hilston, 388 So.2d 1379, 1381 (Fla. 2d DCA 1980) ("while there is some evidence of the wife's loss of consortium, the evidence is insubstantial and rebutted"). If, however, there is some evidence, whether by direct testimony or cross-examination, that rebuts the claim of loss of consortium, then the zero verdict is justified *618 even though the injured spouse was awarded a significant sum of money. Id.
In the instant case, most of the evidence as to the husband's consortium claim was conflicting, and limited to the physical manifestations of the wife's injury. Moreover, both the husband and wife testified that she continued to perform a variety of physical tasks such as housework, laundry, and grocery shopping. Consequently, if this were the only evidence offered in support of the husband's consortium claim, we would be compelled to affirm the jury's zero verdict as to this element of damages. See Propst v. Neily, 467 So.2d 398 (Fla. 4th DCA 1985).
There was, however, other substantial, undisputed evidence that supports the husband's consortium claim. For instance, as a direct result of the accident in question, the wife was required to undergo surgery for a cervical diskectomy and fusion and was hospitalized for a week. The husband at the very minimum lost the services of the wife during her one week's stay in the hospital and that time immediately after her discharge while she was convalescing. Certainly this is undisputed evidence from which nominal damages should have been returned. See Jenkins v. West, 463 So.2d 581 (Fla. 1st DCA 1985) (the plaintiff/husband presented substantial, undisputed evidence of loss of consortium and, because liability was conceded, he was entitled to at least nominal damages). See also DeLong v. Wickes Co., 545 So.2d 362 (Fla. 2d DCA 1989); Noah v. Threlkeld, 543 So.2d 431 (Fla. 2d DCA 1989).
AFFIRMED in part, REVERSED in part, and REMANDED for new trial solely on the issue of damages associated with the claim for loss of consortium, in a manner consistent with this opinion.
ERVIN and ZEHMER, JJ., concur.
NIMMONS, J., concurs in part and dissents in part with written opinion.
NIMMONS, Judge, concurring in part and dissenting in part,
I agree with the majority to affirm on the first two issues. However, I disagree with the majority's reversal on the third issue and its order of remand for a new trial.
It appears that none of the cases makes a distinction for an award of loss of consortium based on hospitalization of the injured spouse. In DeLong v. Wickes Co., 545 So.2d 362 (Fla. 2nd DCA 1989), the husband's claim for loss of consortium was grounded in part on the three weeks of convalescent care he provided his wife immediately following the accident when he assumed the household chores previously performed by his spouse. In the instant case, Mr. Christopher never testified that he cared for his wife during the period following her hospitalization and, on cross-examination, he admitted his wife continued to perform all the routine household jobs.
The case law continues to state that a zero award of loss of consortium can be overturned if there is substantial, undisputed evidence of the loss. Jenkins v. West, 463 So.2d 581 (Fla. 1st DCA 1985). The jury heard both Mr. and Mrs. Christopher present conflicting evidence regarding Mrs. Christopher's abilities to function after the accident. I believe the jury was entitled to return a verdict of $0 for Mr. Christopher's claim of loss of consortium. According to Propst v. Neily, 467 So.2d 398, 399 (Fla. 4th DCA 1985):
[G]iven the predicate of injury to one spouse, it does not necessarily follow as a matter of law that the other spouse has a claim for loss of consortium. In addition to the underlying injury, the spouse claiming loss of consortium "must present competent testimony concerning the impact which the accident had on the marital relationship and, more specifically, evidence concerning [the] loss of consortium." [Albritton v. State Farm Mutual Automobile Insurance Company, 382 So.2d 1267 (Fla. 2nd DCA 1980).]
I would affirm as to all issues.
NOTES
[1] The jury returned a verdict in the total amount of $26,000 on the wife's claims for damages.