WIGGINTON, Judge.
Appellants, husband and wife, appeal an order denying their motion for new trial on *404 their loss of consortium claims in their personal injury action against appellees. The suit arose from a traffic accident in which both appellants suffered injuries. We reverse and remand for a new trial on the issues of lost consortium.
At trial, appellees admitted liability. Therefore, only the issues of damages were presented to the jury. The jury returned a verdict awarding substantial damages to each appellant for past and future lost earnings, pain and suffering and medical expenses. The jury returned zero verdicts, however, on appellants’ claims of past and future loss of consortium.
Although, as appellees assert, some of the evidence as to the parties’ consortium claims was conflicting and reflected losses which were otherwise compensated in the jury verdict awarding damages on the other claims, appellants did present some substantial, undisputed evidence from which at least nominal damages should have been returned. For example, the evidence shows that both parties underwent surgery at least twice as a result of their injuries and both endured convalescent periods during which their abilities to perform normal household and familial duties necessarily were diminished. Thus, while other evidence in the record may serve to diminish certain portions of the consortium claims, sufficient undisputed evidence was presented to require an award of at least nominal damages. Compare Christopher v. Bonifay, 577 So.2d 617 (Fla. 1st DCA 1991) and Jenkins v. West, 463 So.2d 581 (Fla. 1st DCA 1985).
REVERSED and REMANDED for a new trial on the consortium claims.
WOLF, J., and WENTWORTH, Senior Judge, concur.