671 So.2d 216 (1996)
Jaime B. VILLATORO, Appellant/Cross-Appellee,
v.
Fatima CONCEPCION and Ramon Concepcion, Appellees/Cross-Appellants.
No. 94-3170.
District Court of Appeal of Florida, Fourth District.
April 3, 1996.
Stuart B. Yanofsky of Colodny, Fass & Talenfeld, P.A., Fort Lauderdale, for appellant/cross-appellee.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., and Eric H. Luckman of Liggio & Luckman, West Palm Beach, for appellees/cross-appellants.
PER CURIAM.
In this appeal and cross-appeal involving personal injuries stemming from an automobile accident, the appellant/defendant challenges an adverse jury verdict in favor of the appellees/plaintiffs where the trial court directed a verdict in favor of plaintiffs on the issue of permanency. The appellees cross-appeal from an order denying a new trial or in the alternative additur where the jury returned a zero verdict on the appellee/husband's loss of consortium claim. As to the *217 appeal from the directed verdict in favor of appellees/plaintiffs on the issue of permanency, we affirm without further discussion. As to the denial of the appellees' motion for new trial or in the alternative additur, we reverse.
A zero verdict for loss of consortium cannot stand where liability is conceded and there is evidence to support a verdict of nominal damages. See Jenkins v. West, 463 So.2d 581 (Fla. 1st DCA 1985); Ballagas v. Scott, 589 So.2d 334 (Fla. 1st DCA 1991). In the instant case, liability was conceded, and there was undisputed evidence that the injuries sustained by the appellee/wife in the accident adversely affected the couple's intimate relationship and the wife's ability to carry out her household responsibilities. We therefore remand this case to the trial court with instructions to either grant a new trial on the husband's claim for loss of consortium or, in the alternative, to grant additur.
Reversed in part for treatment consistent with this opinion.
GUNTHER, C.J., and WARNER and FARMER, JJ., concur.