765 So.2d 858 (2000)
FLORIDA POWER CORPORATION and David Ernest Johnson, Appellants,
v.
Jerry COPPOLA and his wife, Rosemarie Coppola, Appellees.
No. 5D00-169.
District Court of Appeal of Florida, Fifth District.
August 18, 2000.
*859 Daniel A. Amat of Sims, McCarty, Amat & Stakenborg, P.A., Ocala, for Appellants.
Robert W. Batsel of McClellan, Vostrejs & Batsel, P.A., Ocala, for Appellees.
HARRIS, J.
How many times must a jury return a particular verdict before its decision can withstand a motion for new trial? In this case, we believe the answer is "two" and affirm.
The Coppolas alleged that they were injured in a collision with Johnson, who was driving a Florida Power truck, because of Johnson's negligence. A jury returned a defense verdict in favor of Johnson and Florida Power. The trial judge, finding that Johnson must have been negligent, found that the verdict was against the manifest weight of the evidence and ordered a new trial. On appeal, we affirmed.
The issue was submitted to a new jury who agreed with the old result, a defense verdict. The trial court was again dissatisfied with the jury result and ordered a new trial. Rather than make this an annual event, we now reverse.
Mr. Coppola testified that he was proceeding in the left turn lane, had been in the left turn lane for some distance, and was driving within the speed limit when Johnson crossed two lanes of traffic to enter the left turn lane in front of him causing the collision. Certainly if one believes this testimony, Johnson was negligent, at least to some degree. On the other hand, Johnson testified that he did proceed through two lanes of traffic to enter the left turn lane but only after the vehicles stopped at the traffic light made room for him and motioned him through. He testified that upon entering the left turn lane, he looked to the left and did not see Coppola. The issue before us now is whether, if the jury believed Johnson and not Coppola (which it is entitled to do), a defense verdict would be against the manifest weight of evidence.
We conclude that if the jury believed Johnson, it could reasonably have found that the drivers of the vehicles who motioned Johnson to cross in front of them would not have done so unless they first determined the left turn lane to be clear. And the jury could have found, based on Johnson's testimony that he did not see Coppola although he looked in the left turn lane when he was entering it, that Coppola was untruthful in his testimony and that *860 when Coppola came upon a line of vehicles stopped at a traffic light and saw the left turn signal turn green, he accelerated and darted into the left turn lane without an opportunity to see if anyone was in that lane and ran into Johnson. The jury could have found, and did find twice, that the accident was solely the responsibility of Coppola. Either we let the jury make this kind of decision or we don't.
The granting of the new trial in this case does not pass the Schwartz "gut reaction" test referenced in Montgomery Ward & Co., Inc. v. Pope, 532 So.2d 722 (Fla. 3d DCA 1988), and we hold that a reasonable person would not have concluded that the verdict for appellants was against the manifest weight of the evidence.
We reverse and direct entry of judgment in favor of defendants.
REVERSED and REMANDED.
PLEUS, J., concurs.
COBB, J., concurs specially, with opinion.
COBB, J., concurring specially.
Based upon the instant, I concur with the result reached by the majority.