858 So.2d 1242 (2003)
Kathleen R. HAHN, Appellant,
v.
Diane MEDEIROS, Appellee.
No. 5D02-3523.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
*1243 Michael M. Bell, Matthew J. Haftel and Mary Grace Dyleski of Bell, Leeper & Roper, P.A., Orlando, for Appellant.
Gregory S. Stark of McKeever Albert & Barth, Winter Park, for Appellee.
SAWAYA, C.J.
Kathleen Hahn appeals the final order granting Diane Medeiros' motion for new trial. The issue we must resolve is whether the trial court abused its broad discretion in granting the motion. We affirm.
Medeiros, permanently injured while riding as a passenger in a friend's car, brought suit against Kathleen Hahn, the driver of the other car, for past and future medical expenses, lost wages, and pain and suffering. The jury awarded a total of $289,474.90 in damages but apportioned 90% comparative negligence to Medeiros and the remaining 10% to Hahn. Following the verdict, Medeiros moved for a new trial claiming that the verdict was inconsistent, against the manifest weight of the evidence, and compromised. The trial court considered the credibility of the witnesses and the weight of the other evidence presented by both parties and concluded that the verdict was both compromised and against the manifest weight of the evidence and ordered a new trial on liability and damages. This appeal followed.
We begin our legal analysis by noting the generally recognized principle that although trial judges should refrain from acting as the seventh juror in the trial proceeding, they are, nevertheless, obligated to grant a new trial "if the manifest weight of the evidence is contrary to the verdict." Smith v. Brown, 525 So.2d 868, 870 (Fla.1988) (quoted with approval in Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999)). When making this determination, "the trial judge must necessarily consider the credibility of the witnesses along with the weight of all of the other evidence." Smith, 525 So.2d at 870 (citation omitted) (emphasis added). In Brown, the court summarized the requisite standard for the trial court when exercising its broad discretion in ordering a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence:
A trial judge has the responsibility to draw "on his [or her] talents, his [or her] knowledge, and his [or her] experience to keep the search for the truth in a proper channel," and the trial judge should always grant a motion for a new trial when "the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record." Cloud, 110 So.2d at 673. The trial judge's discretion permits the grant of a new trial although it is not "clear, obvious, and indisputable that the jury was wrong." *1244 When a trial judge grants the motion for a new trial, he or she must articulate the reasons for the new trial in the order.
749 So.2d at 497. This standard is premised on the generally accepted notion that the trial judge, through close contact with the trial and his or her observations of the witnesses, "is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached." Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959).
Our review of the order granting new trial clearly indicates that the trial court did what it was required to do under the standard set forth in Brown, and it is now our obligation to review whether the trial court's decision to grant the motion for new trial was an abuse of discretion. The standard of review we must apply in order to fulfill our obligation is based on a "reasonableness" test, which was adopted in Cloud and explained by the court in Brown as follows:
When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion. If an appellate court determines that reasonable persons could differ as to the propriety of the action taken by the trial court, there can be no finding of an abuse of discretion. The fact that there may be substantial, competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion.
Brown, 749 So.2d at 497-98. The court in Brown "reiterated that a grant of a new trial is of such firmness that it should not be disturbed except upon a clear showing of abuse" and that "an appellant seeking to overturn such a ruling has a heavy burden and any abuse of discretion by the trial court must be clear from the record." Id. at 496 (citing Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520, 522 (Fla.1975)). In sum, even if there is competent substantial evidence in the record to support a jury's verdict, as there was in this case, a trial court's order granting a new trial must be affirmed if reasonable persons could differ as to the propriety of that order.
Our application of the reasonableness test to the instant order results in the inescapable conclusion that reasonable persons could differ as to the propriety of the trial court's decision. Therefore, we are unable to say that the trial court abused its broad discretion in ordering the new trial. Because the trial court did not abuse its broad discretion in granting a new trial on the grounds that the verdict is against the manifest weight of the evidence, we need not consider the propriety of the order awarding a new trial on the other ground specified therein. Accordingly, the order granting a new trial is affirmed.
AFFIRMED.
PLEUS and ORFINGER, JJ., concur.