901 So.2d 929 (2005)
Edward C. JONES and Debra Jones, Appellants,
v.
DOUBLE D PROPERTIES, INC., and Flor-Ag Corporation, Appellees.
Nos. 4D03-4033, 4D04-25, 4D04-959.
District Court of Appeal of Florida, Fourth District.
April 27, 2005.
Rehearing Denied June 6, 2005.
*930 Roy W. Jordan, Jr., of Roy W. Jordan, Jr., P.A., West Palm Beach, for appellants.
Janis Brustares Keyser, Gregory T. Anderson, Kera E. Hagan of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., West Palm Beach, for appellees.
SHAHOOD, J.
This is a consolidated appeal arising from a personal injury action filed by appellants, Edward C. Jones (Jones) and Debra Jones (collectively "appellants"), for injuries sustained by Edward Jones when the truck he was driving to haul corn from appellee's, Flor-Ag Corporation (Flor-Ag), farm fields was struck by a bulldozer *931 (owned by Flor-Ag) driven by a Double D Properties (Double D) employee. Jones maintained that the bulldozer, which was supposed to lead his truck out of the corn fields, improperly backed into the truck, causing his injuries. Debra Jones filed a loss of consortium claim.
We affirm in part, reverse in part and remand for a new trial on damages only on Debra Jones's loss of consortium claim. We reverse the trial court's ruling awarding attorney's fees and costs against Debra Jones and affirm as to all other issues raised, including the denial of appellees' motion for attorney's fees and costs raised in appellees' appeal in Case No. 04-25.
Following a jury trial, a verdict was entered in favor of Jones, finding him seventy (70%) percent at fault and a Double D Properties' employee thirty (30%) percent at fault. Total damages for Jones were assessed at $349,505.04; his wife, Debra Jones, received a zero verdict on her loss of consortium claim.

Loss of Consortium
Appellants argue that the zero verdict on Debra Jones's loss of consortium claim was in error in light of the substantial competent evidence presented at trial demonstrating that she suffered a loss of consortium from her husband as a result of his injury.
When the claiming spouse presents evidence that is substantial, undisputed, and unrebutted concerning the impact the injury had on the marital relationship, such spouse is entitled to receive at least nominal damages for loss of consortium. See Fleming v. Albertson's, Inc., 535 So.2d 682, 684 (Fla. 1st DCA 1988), review denied, 542 So.2d 1333 (Fla.1989); see also Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998), approved, 753 So.2d 60 (Fla.2000)(on a consortium claim, where sufficient undisputed evidence was presented that would require an award of at least nominal damages, a zero verdict is inadequate as a matter of law); Christopher v. Bonifay, 577 So.2d 617 (Fla. 1st DCA 1991)(a spouse is entitled to reversal of a zero verdict only if it can be established that the record contains substantial, undisputed evidence of loss of consortium).
If the zero verdict on the loss of consortium claim is inadequate as a matter of law, then only a new trial on damages for loss of consortium is required. See Bradshaw v. State Farm Auto. Ins. Co., 714 So.2d 620, 622 (Fla. 5th DCA 1998). Upon retrial, if the evidence of a substantial loss of consortium is again unrefuted, the jury should be instructed that an award for loss of consortium must be given. See id. at 623.
In this case, the record evidence concerning the impact the injury had on the marital relationship was largely unrebutted. Debra Jones testified that the couple no longer had an active social life, that she must tend to her husband's basic needs in bathing, dressing and preparing meals, that due to his sensitivity to extreme temperatures, they must turn off the air conditioning and must forego going out, even to church, because Jones cannot stand the change in temperature. Debra stated that she subs as a teacher due to the fact that she must take off often in order to drive Jones to his appointments.
Appellees relied heavily upon the fact that the couple filed separate tax returns and that Jones stated that the two lived apart for several months, and were "on-again-off-again." However, Jones explained that he was often out of town for months traveling and working with seasonal crops. As a result, the two often lived apart and that since the accident, the two had been living together because Jones was no longer working and needed his wife's assistance with his daily activities.
Based on the record before us, we hold that a new trial on damages only is warranted *932 on Debra Jones's loss of consortium claim.

Attorney's fees and costs
On October 10, 2002, Double D and Flor-Ag jointly served separate proposals for settlement to Jones and Debra Jones. The proposal for settlement for Jones was in the amount of $199,500, and for Debra Jones, in the amount of $500.
Both proposals contained the following provision:
An acceptance of this offer shall operate to settle all claims of the Plaintiff arising from the incident described in the Complaint herein, and shall constitute agreement by the Plaintiff to release fully and without reservation Defendants, their insurance company, their agents and employees, and to execute a General Release and No Lien Affidavit and file a Voluntary Dismissal, with prejudice, of this action as against Defendants.
The proposals did not attach the "No Lien Affidavit." The proposals were not accepted by Jones or his wife.
Subsequent to the entry of Final Judgment, appellees filed a motion for attorney's fees and to tax costs pursuant to rule 1.442, Florida Rules of Civil Procedure, and sections 768.79 and 45.061, Florida Statutes. Appellants filed a response arguing that the proposals for settlement were invalid on the grounds that the proposals failed to comply with rule 1.442 and that the proposals by its terms requiring them to execute a no lien affidavit were invalid.
Following a hearing, the court entered an order granting in part and denying in part, appellees' motion for fees. While the court denied recovery of fees against Jones, it granted appellees' recovery of fees against Debra Jones, from the date of the service of the proposal on her. In its order, the court held "the proposal to [Debra Jones] is not infirm because it came from both Defendants. See Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003)" (a plaintiff who sues two defendants, one of whom is vicariously liable for the other, may be liable for fees on an offer made on behalf of both defendants when the jury returns a defense verdict).
Because we are granting a new trial on Debra Jones's loss of consortium claim, the order awarding fees against Debra Jones must be vacated. Nevertheless, we address the issue as to the invalidity of the proposals for settlement since appellees appeal the denial of an award of attorney's fees against Jones. Additionally, this issue may again arise following the retrial of Debra Jones's damages on her loss of consortium claim.
Appellants argue that the trial court erred in awarding fees and costs against Debra Jones on the grounds that the proposal for settlement failed to differentiate the amount attributable to each defendant and that there was no evidence that existing liens did not attach to her consortium claim. The argument regarding the invalidity of the proposal for settlement based on failure to differentiate is equally applicable to Jones as well.
Rule 1.442(c)(3), Florida Rules of Civil Procedure, provides: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." The reason for the requirement that a joint proposal state the amount and terms attributable to each party is to allow each party to evaluate the proposal independently and to allow the court to determine whether a judgment against only one of the parties is sufficient to trigger the sanctions provided in section 768.79. See Allstate Indem. Co. v. Hingson, 808 So.2d 197, 198 (Fla.2002).
*933 In Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), the Florida Supreme Court resolved the question of whether offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror. The court stated that the language of rule 1.442(c)(3) must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees. See id. at 278. "A strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror. We therefore hold that under the plain language of rule 1.442(c)(3), an offer from multiple plaintiffs must apportion the offer among the plaintiffs." Id. at 279. In Matetzschk v. Lamb, 849 So.2d 1141, 1144 (Fla. 5th DCA 2003), review granted, 874 So.2d 1192 (Fla.2004), the Fifth District held that the language of Willis Shaw was applicable whether the offer emanated from joint plaintiffs or was directed to joint defendants. The court stated that there is a logical basis for requiring differentiated offers of settlement, even in cases of alleged vicarious liability. See id.
Recently, this court in Cohen v. Arvin, 878 So.2d 403 (Fla. 4th DCA 2004), held that the plain language of the rule, as well as the holding of Willis Shaw, does not differentiate between the necessary apportionment in offers of judgment in cases when respondeat superior is involved and cases where it is not. See id. at 407.
Appellees acknowledge the Cohen court's rejection of the holding in Barnes, and that Cohen is "controlling with respect to this issue unless the Florida Supreme Court adopts the rationale" in Barnes in its review of Matetzschk, prior to the conclusion of this appeal.
Based on Cohen, the proposals for settlement to both Jones and his wife were invalid because they did not differentiate the portion attributable to each defendant. As such, we decline to address any other arguments with respect to the invalidity of the offers of settlement.
Accordingly, we reverse the order awarding fees against Debra Jones, and affirm the denial of fees against Jones based on Cohen.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
FARMER, C.J., and TAYLOR, J., concur.