998 So.2d 1183 (2009)
Ahmed TAVAKOLY and Beverlyn Tavakoly, Appellants,
v.
FIDDLERS GREEN RANCH OF FLORIDA, INC., Appellee.
No. 5D07-3861.
District Court of Appeal of Florida, Fifth District.
January 2, 2009.
*1184 Pamela Beckham, of Beckham & Beckham, P.A., North Miami Beach, for Appellants.
Michael Wyrick and Randy Fischer, of Boehm, Brown, Fischer, Harwood, Kelly & Scheihing, P.A., Ocala, for Appellee.
PLEUS, J.
Ahmed Tavakoly and his wife, Beverlyn, appeal from a final judgment entered after a jury trial and an order denying new trial in connection with their action to recover damages for personal injuries sustained by Ahmed when he was thrown from a horse owned by appellee Fiddlers Green Ranch of Florida, Inc. (Ranch). The appellants raise several points on appeal, only one of which we find meritorious.
The jury awarded damages to Ahmed for a fractured hip he suffered in the fall. Damages for past medical expenses, future medical expenses and past pain and suffering were awarded. No damages were awarded for future pain and suffering and no damages were awarded on Beverlyn's loss of consortium claim.
We have reviewed the record and conclude that the trial court did not abuse its discretion in denying a new trial due to *1185 the failure of the jury to award damages for future pain and suffering. In this case, unlike in Deklyen v. Truckers World, Inc., 867 So.2d 1264 (Fla. 5th DCA 2004), the record does not contain indisputable medical evidence, let alone testimony from his own physician, that Ahmed suffered a permanent impairment or would continue to experience pain from the injury into the future. The award of $27,000 for future medical expenses over 27 years was entirely consistent with the testimony of Ahmed's treating orthopedic that no significant medical treatment was anticipated in the future but that Ahmed's condition should be monitored on an annual basis. See Allstate Ins. Co. v. Manasse, 681 So.2d 779, 785 (Fla. 4th DCA 1996) (Klein, J., dissenting), dissent approved, 707 So.2d 1110 (Fla.1998).
An abuse of discretion, however, did occur when the trial court denied Beverlyn a new trial on her consortium claim. Beverlyn argues that substantial, unrebutted evidence concerning the adverse impact which the injury had on the couple's marriage was presented and that therefore she was entitled to recover damages for loss of consortium. See Jones v. Double D. Props., Inc., 901 So.2d 929, 931 (Fla. 4th DCA 2005). See, e.g., Villatoro v. Concepcion, 671 So.2d 216 (Fla. 4th DCA 1996); Ward v. Hillsborough County School Bd., 447 So.2d 397 (Fla. 2d DCA 1984).
Several of the cases relied upon by Beverlyn, including Jones, involved unrebutted evidence that the spouse's injury had a substantial adverse impact on the marital relationship. In Jones, the total damages for the injured husband were $349,505 while the wife received a zero verdict on her consortium claim. The appellate court held that a new trial on the consortium claim only was necessitated given the largely unrebutted evidence concerning the impact the injury had on the marital relationship. This evidence included testimony that the couple no longer had an active social life, that the wife needed to tend to her husband's basic needs like bathing and dressing and often take time off work to drive her husband to his appointments.
The concept of damages for loss of consortium is necessarily a vague and subjective one left largely to the discretion of the jury. It is intended to compensate the spouse of an injured person for past and future loss of such intangibles as love, sex, companionship, society, comfort and solace, and for help in performing one's tasks about the household. Orlando Regional Medical Center v. Chmielewski, 573 So.2d 876, 881 (Fla. 5th DCA 1990), abrogated on other grounds in Boulis v. Florida Dep't of Transp., 733 So.2d 959 (Fla.1999).
While the evidence in this case does not rise to the level presented in Jones, it is nevertheless well settled that where sufficient undisputed evidence is presented on a consortium claim that would require an award of at least nominal damages, a zero verdict is inadequate as a matter of law. Bradshaw v. State Farm Auto. Ins. Co., 714 So.2d 620 (Fla. 5th DCA 1998); Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998), approved, 753 So.2d 60 (Fla.2000); Christopher v. Bonifay, 577 So.2d 617 (Fla. 1st DCA 1991). For instance, in Bonifay, the appellate court ordered a new trial on consortium damages where the jury returned a zero verdict despite undisputed evidence that the injured spouse had neck surgery and had been hospitalized for a week. The court explained "The husband at a very minimum lost the services of the wife during her one week's stay in the hospital and that time immediately after her discharge while she was convalescing. Certainly this is undisputed evidence from which nominal *1186 damages should have been returned." 577 So.2d at 618.
Likewise in the present case, undisputed evidence was presented that as a result of his injuries and ensuing surgery, Ahmed was unable to walk for four weeks and unable to do things for himself for at least four weeks. During this period, Beverlyn tended to all his needs. The couple had enjoyed an active intimate relationship prior to the accident but had no conjugal relations for months after the accident while Ahmed recuperated.
Beverlyn established entitlement to at least some damages for loss of consortium. Under the circumstances, a new trial solely on the issue of damages for loss of consortium is warranted. See Bradshaw, 714 So.2d at 622.
The trial court's order denying a new trial is reversed in part and the cause remanded for a new trial on the issue of damages awardable to Beverlyn for her loss of consortium. The order denying the appellants' motion for a new trial is otherwise affirmed.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
GRIFFIN and TORPY, JJ., concur.