18 So.3d 1065 (2008)
BIG LOTS STORES, INC., Appellant,
v.
Gloria Maria de DIAZ and Jose Diaz, Appellees.
No. 3D07-1501.
District Court of Appeal of Florida, Third District.
May 14, 2008.
Opinion After Remand August 26, 2009.
*1066 DeMahy, Labrador, Drake, Payne & Cabeza, Coral Gables, and Michael T. Tomlin, for appellant.
Wald, Gonzalez & Graff, and Estrella Gonzalez, Miami; Barbara Green, for appellees.
Before COPE and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Big Lots seeks to reverse the trial court's order granting the plaintiffs a new trial on future damages and loss of consortium, and to reinstate the jury's verdict. We relinquish jurisdiction to the trial court for entry of an order specifying the trial court's grounds for granting a new trial.
Gloria de Diaz filed a personal injury action against Big Lots claiming injuries due to a fall at a Big Lots store. Big Lots answered alleging that her injuries were from pre-existing arthritis and/or intervening causes. Gloria de Diaz amended her complaint to include a loss of consortium claim on her husband's behalf. Following trial, the jury found in Gloria de Diaz's favor and awarded her past medical expenses and damages for past pain and suffering. The jury did not award damages for her future medical expenses or future pain and suffering, and did not award damages to her husband for loss of consortium. The trial court entered final judgment. The following day, the plaintiffs filed two motions for new trial, one motion as to Gloria's future damages and the other as to her husband's loss of consortium claim. Both motions claim that the jury's verdict was against the manifest weight of the evidence. After a hearing, the trial court granted the motions finding that the jury's verdict on these issues was against the manifest weight of the evidence. The trial court's order states this, but fails to specify the grounds for its decision.
Florida Rule of Civil Procedure 1.530(f) provides that "[a]ll orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial."[1]
We therefore relinquish jurisdiction and remand to the trial court for entry of an order specifically setting forth the grounds upon which the trial court relies for granting a new trial.
SUAREZ, J.
Big Lots Stores, Inc., appeals from the trial court's order granting the plaintiffs, Gloria De Diaz and Jose Diaz, a new trial on future damages and loss of consortium. We affirm.
*1067 Gloria De Diaz tripped over part of a display at Big Lots and fell on her left knee. X-rays revealed no fractures, but did show some early signs of arthritis. A couple of months later, De Diaz saw an orthopedist and had an MRI. The MRI showed a small tear, and some fluid buildup. Only therapy was prescribed. The following year, De Diaz went to another doctor for a second opinion. The doctor concluded that De Diaz had some degenerative arthritis in her knee and an injury to the meniscus, and recommended arthroscopic surgery. De Diaz had the surgery.
In December, 2003, De Diaz filed a personal injury claim against Big Lots. Big Lots answered that her injuries were from pre-existing arthritis and/or intervening causes. Three years later, De Diaz amended her complaint to include a loss of consortium claim on her husband's behalf. Following trial, the jury found in De Diaz's favor and awarded her past medical expenses and damages for past pain and suffering. The jury did not award damages for future pain and suffering or for future medicals even though there was evidence of the need for future medical treatment. The jury also did not award any damages to the husband for loss of past or future consortium.
After the trial court entered final judgment pursuant to the jury verdict, the plaintiffs filed a motion for new trial solely on the issues of damages for future pain and suffering, future medicals, and the loss of consortium claim, asserting that the verdict was against the manifest weight of the evidence. After a hearing, the trial court granted the motions, and Big Lots appealed.[1]
We review the trial court's grant of a motion for new trial for abuse of discretion. Southwin, Inc. v. Verde, 806 So.2d 586, 587 (Fla. 3d DCA 2002) ("The standard of review for the denial of a motion for new trial is whether or not the trial court abused its discretion."). If the appellate court determines that reasonable people could differ as to the propriety of the trial court's action, there can be no finding of an abuse of discretion. Hahn v. Medeiros, 858 So.2d 1242 (Fla. 5th DCA 2003). The fact that there may be substantial competent evidence in the record to support the jury verdict does not necessarily demonstrate that the trial judge abused his or her discretion. See Baptist Mem'l Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980) ("The discretionary power to grant or deny a motion for new trial is given to the trial judge because of his direct and superior vantage point.... In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion."); Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999) (same). The trial court's order granting the new trial contains the required detailed specific findings supporting the court's conclusion that the jury verdict on these issues was against the manifest weight of the evidence. Fla. R. Civ. P. 1.530(f); Brown v. Estate of Stuckey, 749 So.2d at 490 (holding that, in granting a motion for a new trial, the trial court must articulate the reasons for doing so in its order). The trial court's conclusions are *1068 supported by our review of the record. Therefore, we affirm the trial court's order.
Further, regarding the loss of consortium issue, we find that undisputed evidence was presented on Mr. Diaz's loss of consortium claim to require an award of at least nominal damages. See Tavakoly v. Fiddlers Green Ranch of Fla., Inc., 998 So.2d 1183 (Fla. 5th DCA 2009) (holding that where the plaintiff established entitlement to some damages for loss of consortium, a zero verdict is inadequate as a matter of law), and citations therein; Jones v. Double D Props., Inc., 901 So.2d 929, 931 (Fla. 4th DCA 2005) ("When the claiming spouse presents evidence that is substantial, undisputed, and unrebutted concerning the impact the injury had on the marital relationship, such spouse is entitled to receive at least nominal damages for loss of consortium."); Fleming v. Albertson's, Inc., 535 So.2d 682, 684 (Fla. 1st DCA 1988); see also Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998) (on a consortium claim, where sufficient undisputed evidence was presented that would require an award of at least nominal damages, a zero verdict is inadequate as a matter of law), approved, 753 So.2d 60 (Fla.2000); Christopher v. Bonifay, 577 So.2d 617 (Fla. 1st DCA 1991) (a spouse is entitled to reversal of a zero verdict only if it can be established that the record contains substantial, undisputed evidence of loss of consortium).
We affirm the trial court's grant of new trial on the issue of future damages as well as Mr. Diaz's loss of consortium claim.
Affirmed.
COPE, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
After due consideration of the record and the factors I deem pertinent, see Montgomery Ward & Co. v. Pope, 532 So.2d 722, 722 (Fla. 3d DCA 1988) (Schwartz, C.J., dissenting); Fla. Power Corp. v. Coppola, 765 So.2d 858 (Fla. 5th DCA 2000), I believe that this case falls on the "seventh juror," rather than, as the majority holds, the "judicial discretion" side of the continental divide between the decisions reviewing new trial orders based on the trial judge's perception of the weight of the evidence. I would therefore reverse for reinstatement of the verdict reached by the actual jurors.
NOTES
[1] Fla. R. Civ. P. 1.530(f); see also Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla. 1999) ("When a trial judge grants the motion for a new trial, he or she must articulate the reasons for the new trial in the order."); Wackenhut Corp. v. Canty, 359 So.2d 430, 436 (Fla. 1978) (upholding district court's reversal of trial court's grant of new trial where trial order did not explain why verdict was excessive); Jones v. Goodyear Tire & Rubber Co., 871 So.2d 899 (Fla. 3d DCA 2003) (accord).
[1] The panel heard oral argument in April 2008, and in its May 14, 2008 opinion, relinquished jurisdiction to the trial court for entry of an order specifically setting forth the grounds on which the court relied for granting a new trial on future damages and loss of consortium.