SCHWARTZ, Senior Judge.
Mrs. Aguilera, a nurse’s aide who was injured in a fall-down accident on appellee-defendant’s premises, and her husband appeal from a judgment in their favor, pursuant to a jury verdict containing awards for several elements of damage, but which found her 90% and defendant 10% liable. Of the several issues presented, we find error only in the trial court’s failure to grant a new trial on the issues of her loss of future earnings and her husband’s alleged loss of consortium after the jury returned a verdict as to those items for zero damages. As to these elements, the evidence is uncontradicted that at least some damages were sustained as a result of the severe injuries sustained to the wife’s right shoulder and arm. See Peterson v. Sun State Int’l Trucks, LLC, 56 So.3d 840 (Fla. 2d DCA 2011) (where husband of plaintiff presented substantial, undisputed evidence sufficient to require an award of at least nominal damages, a zero verdict for loss of consortium claim was inadequate); Big Lots Stores, Inc. v. de Diaz, 18 So.3d 1065, 1068 (Fla. 3d DCA 2009) (finding that undisputed evidence presented on plaintiffs loss of consortium claim was sufficient to “require an award of at least nominal damages”); Tavakoly v. Fiddlers Green Ranch of Fla., Inc., 998 So.2d 1183, 1185 (Fla. 5th DCA 2009) (“[I]t is ... well settled that where sufficient undisputed evidence is presented on a consortium claim that would require an award of at least nominal damages, a zero verdict is inadequate as a matter of law.”); Watson v. Builders Square, Inc., 563 So.2d 721, 722 (Fla. 4th DCA 1990) (where appellants proved that Mrs. Watson suffered a permanent injury which affected her ability to work, a zero verdict for loss of future earning capacity was inadequate).
We reject, however, the same contention as to the zero award for future medical expenses. See Smith v. Fla. Healthy Kids Corp., 27 So.3d 692, 694 (Fla. 4th DCA 2010) (“It is not necessary to grant a new trial in all cases where the jury returns a zero verdict. In fact, where conflicting *1175 evidence exists concerning damages and reasonable men could believe that the plaintiff sustained no damage, a zero verdict will be upheld.”) (quoting Surety Mortg., Inc. v. Equitable Mortg. Res., Inc., 534 So.2d 780, 781 (Fla. 2d DCA 1988)); Truelove v. Blount, 954 So.2d 1284 (Fla. 2d DCA 2007).
Accordingly, the judgment below is for the most part affirmed and the cause remanded for a new trial as to the issues of the wife’s loss of future earnings and the husband’s loss of consortium, as to which the jury awards will be reduced by 90% comparative negligence.
Affirmed in part; reversed in part.