806 So.2d 586 (2002)
SOUTHWIN, INC., et al., Appellants,
v.
Charles VERDE, et al., Appellees.
Nos. 3D00-612, 3D99-2233.
District Court of Appeal of Florida, Third District.
January 30, 2002.
Rehearing and Certification Denied January 30, 2002.
*587 Zuckerman, Spaeder, Taylor & Evans, and Thomas J. Meeks and Beatriz C. Galbe, Miami; and Randy D. Ellison, West Palm Beach, for appellants.
Robles & Gonzalez, and Ervin A. Gonzalez and Raymond W. Valori, Coral Gables, for appellees.
Before GERSTEN, and RAMIREZ, JJ., and NESBITT, Senior Judge.
Rehearing En Banc and Certification Denied January 30, 2002.

ON MOTION FOR REHEARING
RAMIREZ, J.
We deny the motion for rehearing and certification, but withdraw our prior opinion dated July 18, 2001, and substitute the following:
The appellants, Southwin, Inc. and Tripp Construction, Inc., appeal an adverse final judgment and the denial of their motions for new trial in a class action suit brought by sixty-seven homeowners against the developer, Southwin, and the builder, Tripp, for numerous building code violations.
The jury returned a verdict in favor of the homeowners for $5,237,893.00, including the cost to demolish and rebuild each of the houses, as well as displacement costs for each of the homeowners. Because there is sufficient evidence to support the jury's aggregate damage award and no abuse of discretion by the trial court, we affirm.
The class representatives were the owners of three of the defective houses. Southwin and Tripp moved for a new trial, arguing that the aggregate damage award was not supported because it was based only on the degree of damage to three houses, as opposed to that of the remaining sixty-four houses. The trial court denied the motions, holding that no individualized proof of damages was required because the class had already been certified and the order certifying the class supported the calculation of the aggregate damage award.[1]
The standard of review for the denial of a motion for new trial is whether or not the trial court abused its discretion. *588 See Salnave v. Public Health Trust of Dade County, 624 So.2d 282 (Fla. 3d DCA 1993); Jones v. Airport Rent-A-Car, Inc., 342 So.2d 104 (Fla. 3d DCA 1977). If reasonable people could differ concerning the propriety of the judge's decision, no abuse of discretion is demonstrated. Baptist Mem'l Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980). "Determinations regarding the weight of the evidence or the credibility of witnesses are peculiarly within the province of the finder of fact and will not be disturbed on appeal." M.A.B. v. Department of Health & Rehabilitative Servs., 630 So.2d 1252, 1254 (Fla. 1st DCA 1994). See also Dreyfuss v. Dreyfuss, 701 So.2d 437, 440 (Fla. 3d DCA 1997). After a complete review of the record before us, we conclude that the jury verdict was supported by the evidence and that the appellants have failed to demonstrate an abuse of discretion in the trial court's denial of the motions for new trial.
In this case, the jury heard the testimony of Lawrence Marks, Roy Van Wyk, and James Rodgers, three competent expert witnesses. These witnesses examined all of the homes and testified that the houses had similar defects and were so poorly constructed that they needed to be demolished and rebuilt. The appellants did not controvert this conclusion. Although none of the experts examined the interior damage to the houses of the remaining sixty-four homeowners, Marks testified that he thoroughly inspected the remaining sixty-four houses from the outside, a couple from the inside, and that, except for their configuration, their construction was the same. Marks also testified that the construction defects in the houses could only be cured by demolishing and rebuilding the houses. Rogers testified that all of the houses had the same construction problems and that the only sensible option was to rebuild the houses. Van Wyk agreed that if the homeowners continued to have the problems of the sort revealed in the investigation of Marks and Rodgers, the only logical course is to rebuild the houses. The appellants' own expert, John Pistorino, testified at his deposition that he also examined the three houses and concluded that there was some consistency in the repairs required by each of the houses. Not surprisingly, the appellants did not call him to testify at trial.
All of the houses were developed by Southwin and constructed by Tripp. In addition to the testimony regarding the defects to the houses, evidence was presented regarding the cost of repairs, as well as displacement costs, consistent with the damages awarded by the jury in this case. Thus, it cannot be said that the jury could not have reached the aggregate damage award based on the evidence before it.
The appellants have argued that the trial court committed reversible error in certain evidentiary rulings under the erroneous view that our prior affirmance of class certification definitively settled the "typicality" issue for all purposes and thus repeatedly prevented the defendants from presenting any evidence regarding the other sixty-four homes.[2] They further argued that these rulings prevented them from testing, by cross-examination or otherwise, the homeowners' presentation of the evidence set forth above. The appellants also allege that they were not permitted to inspect each of the sixty-four other homes. The record on appeal does not support these allegations.
*589 The appellants were no strangers to these homes. They were the developer and the builder. All of the homes were built using the same construction materials, techniques, and finishes. They varied only in their configuration. For the appellants to allege that they were prevented from conducting discovery of the quality of their own construction materials and methods stretches the imagination.[3] Moreover, such an allegation is simply not true.
To establish the defects in the three homes of the three class representatives, the plaintiffs' experts had to conduct destructive testing. Before Mr. Marks was allowed to testify regarding the other sixty-four homes, the trial court held a sidebar, where the appellants' trial counsel alleged that the appellants had not been allowed to conduct any destructive testing in those homes. The trial judge stated that the appellants' objection would be sustained if they had requested such testing and had been prevented by the court.[4] They had not. The only discovery request that the appellants could point to were interrogatories that were addressed to the named plaintiffs inquiring about personal property damage to the non-party plaintiffs. They never formally requested any testing of the other sixty-four homes.
In conclusion, we find that the jury's verdict was well supported by the evidence and that there was no abuse of discretion in the trial court's denial of the motions for new trial.
Affirmed.
NOTES
[1] The order granting class certification was entered after the trial court held an evidentiary hearing and heard the testimony of twelve witnesses, as well as extensive argument of counsel. The order was appealed to this Court and was affirmed. See Southwin, Inc. v. Verde, 709 So.2d 578 (Fla. 3d DCA 1998) ("Southwin I.").
[2] Southwin I affirmed the trial court's order which certified the common questions for class treatment. It included (1) whether plaintiffs and class members were entitled to damages for economic injury and property loss, and what was the amount of such monetary damages; and (2) which methods of repair were appropriate to remedy the subject defects and damage.
[3] The appellants have never alleged that their construction records, plans, drawings, engineering studies, or other documents had been lost or destroyed.
[4] The trial court specifically stated that he would sustain their objection "[i]f you can point me to something in the pretrial record that says you were not going to have that right."