976 So.2d 56 (2008)
Eugenio PEREZ, Appellant,
v.
UNITED FITNESS OF AMERICA, LLC and EBrands Commerce Group, LLC, Appellees.
No. 3D06-869.
District Court of Appeal of Florida, Third District.
February 6, 2008.
Kelsay D. Patterson, Miami, for appellant.
Bernstein, Chackman & Liss and Neil Rose, Hollywood and Robyn Lustgarten, for appellees.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, J.
The plaintiff, Eugenio Perez ("Perez"), appeals from an adverse jury verdict and final judgment in favor of United Fitness of America, LLC, and its parent company, EBrands Commerce Group, LLC (collectively, "the defendants"). We affirm.
Perez filed the instant lawsuit in June 2003, alleging that he was injured by a defective and dangerous personal fitness product manufactured and sold by the defendants. The case proceeded to trial, where the jury reached a verdict for the defendants, finding that the product was not defective when it was sold. The trial court subsequently denied Perez's motion for a new trial and entered final judgment for the defendants pursuant to the jury's verdict. This appeal followed.
We review the trial court's ruling on Perez's motion for a new trial for an *57 abuse of discretion. Southwin, Inc. v. Verde, 806 So.2d 586, 587 (Fla. 3d DCA 2002); Salnave v. Pub. Health Trust of Dade County, 624 So.2d 282, 282 (Fla. 3d DCA 1993). However, "[i]f reasonable people could differ concerning the propriety of the judge's decision, no abuse of discretion is demonstrated." Southwin, 806 So.2d at 588 (citing Baptist Mem'l Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980)). Thus, unless no reasonable person could agree with the trial court's denial of the motion for a new trial, we are bound to uphold it.
In the instant case, we conclude that the jury's verdict was supported by the evidence; that reasonable people could agree with the trial court's decision; and that Perez failed to demonstrate any reversible error. Therefore, because the trial court's denial of Perez's motion for a new trial was within its sound discretion, we uphold the jury's verdict and the corresponding judgment of the trial court.
Affirmed.