# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2059
Lower Tribunal No. 16-25288-CA-01
_____


**Michael D. Foster**, et al.,
Appellants,

vs.

**Yamaurys Pulido Jimenez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Wallen & Kelley, and Todd L. Wallen; Drury Law Firm, and Christopher M. Drury, for appellants.

Wicker Smith O'Hara McCoy & Ford, P.A., and Jessica L. Gross, and Nina N. Batista, for appellee.


Before FERNANDEZ, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed. See Miami-Dade Cnty. v. Guyton, 388 So. 3d 50, 51–52 (Fla. 3d DCA 2023) ("While we apply de novo review to these rulings, in reviewing the trial court's denial of the . . . motion for directed verdict (and motion for judgment in accordance with its earlier motion for directed verdict), [a]n appellate court must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor, and [i]f there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution.") (quotation omitted); Graham Cos. v. Amado, 305 So. 3d 572, 577 (Fla. 3d DCA 2020) ("In negligence cases, motions for directed verdict should be treated with special caution because it is the function of the jury to weigh and evaluate the evidence."); Edwards v. Orkin Exterminating Co., 718 So. 2d 881, 883 (Fla. 3d DCA 1998) ("The power to direct a verdict should be cautiously exercised, and a motion for a directed verdict should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the latter party be sustained.") (quotation omitted); Wald v. Grainger, 64 So. 3d 1201, 1205 (Fla. 2011) ("[A] jury is free to weigh the opinion testimony of expert witnesses, and either accept, reject or give that testimony such

2

weight as it deserves considering the witnesses' qualifications, the reasons given by the witness for the opinion expressed, and all the other evidence in the case, including lay testimony."); <u>Smith v. Brown</u>, 525 So. 2d 868, 870 (Fla. 1988) ("Clearly, it is a jury function to evaluate the credibility of any given witness."); <u>see also</u> <u>Weatherly v. Louis</u>, 31 So. 3d 803, 805 (Fla. 3d DCA 2009) (noting that to find an abuse of discretion in the denial of a motion for new trial, "the evidence must be clear and obvious, and not conflicting") (quotation omitted); <u>Southwin, Inc. v. Verde</u>, 806 So. 2d 586, 588 (Fla. 3d DCA 2002) ("If reasonable people could differ concerning the propriety of the judge's decision, no abuse of discretion is demonstrated. Determinations regarding the weight of the evidence or the credibility of witnesses are peculiarly within the province of the finder of fact and will not be disturbed on appeal.") (quotations omitted).