165 So.2d 249 (1964)
Emil J. RAFFEL, Appellant,
v.
Charles G. MAGARIAN, Appellee.
No. 63-620.
District Court of Appeal of Florida. Third District.
June 16, 1964.
*250 Daniel G. Satin, Miami, for appellant.
Blackwell, Walker & Gray, and James E. Tribble, Miami, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
HORTON, Judge.
The appellant was the plaintiff below and appeals an adverse final judgment. The appellant was involved in a rear end automobile collision. After the issues were made by the pleadings, the liability of the appellee was established by the entry of a summary judgment in favor of the appellant. The cause went to trial before a jury on the issue of damages alone. At the conclusion of the trial, the court instructed the jury and furnished them with one verdict in which he directed that they should find for the appellant, and assess his damages for "none" dollars or such figure as they would deem appropriate. The jury returned a verdict in favor of the appellant but assessed his damgaes at "none" dollars. Upon this verdict the court entered the judgment appealed and later entered a cost judgment in favor of the appellee.
On appeal, the appellant's main contention is that the court erred in failing to grant him a new trial on the question of damages. Coupled with this contention is the argument that the court should not have instructed the jury to enter the figure "none" or such figure they deemed appropriate in the verdict tendered to them at the conclusion of the trial.
On appellant's main contention we conclude that this case is controlled by the principles announced in White v. Acher, Fla.App. 1963, 155 So.2d 176, and Shaw v. Puleo, Fla. 1964, 159 So.2d 641. Further elaboration here is unnecessary.
We have read the instructions of the court to the jury and fail to find wherein the court's remarks concerning the verdict were such as to mislead the jury or influence them in returning the verdict they did. The judgment, however, must be reversed for other reasons.
The appellant was awarded a summary judgment as to liability against the appellee and the jury returned a verdict in his favor although it failed to award any sum as damages. The only judgment which the court could validly render on the verdict returned by the jury was one in favor of the appellant. See Carroll v. Hertz Corporation, Fla.App. 1961, 132 So.2d 624, and Jordan v. Reynolds, Fla.App. 1963, 154 So.2d 200.
Inasmuch as a judgment in favor of the appellant should have been rendered on the *251 verdict, it follows that costs should have been taxed against the appellee. See § 58.04, Fla. Stat., F.S.A.; Jordan v. Reynolds, supra; and Ossinsky v. Nance, Fla.App. 1960, 118 So.2d 47.
Accordingly, the judgment appealed is reversed, and the cause is remanded with directions to enter judgment upon the jury verdict for appellant as well as costs for such sums as the court shall find are legally taxable.
Reversed and remanded with directions.