444 So.2d 1127 (1984)
Josie Mae UPSON, Appellant,
v.
James L. HAZELRIG, Appellee.
No. 83-2360.
District Court of Appeal of Florida, Third District.
February 7, 1984.
Jeanne Heyward, Goodhart, Rosner & Greene, Miami, for appellant.
Ellis Rubin, Naples, and Alan S. Marshall, St. Petersburg, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The final judgment denying the defendant-appellant's motion to tax costs is affirmed. Where, as here, the jury finds that the automobile accident was caused solely by the defendant's negligence, but awards the plaintiff no damages for the claimed injuries to his person and property, the plaintiff is nevertheless the sole party *1128 entitled to recover judgment and thus costs under Section 57.041, Florida Statutes (1983), Raffel v. Magarian, 165 So.2d 249 (Fla. 3d DCA 1964). A fortiori, where, as here, the trial court entered an unappealed judgment notwithstanding the verdict for the plaintiff in the undisputed amount of the property damage to the plaintiff's automobile, the plaintiff is the "party recovering judgment" entitled to costs under the statute. See Hendry Tractor Company v. Fernandez, 432 So.2d 1315 (Fla. 1983) (plaintiff sole party entitled to recover legal costs under statute where he recovers judgment on theory of negligence, but not on theory of strict liability/breach of warranty); Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980) (plaintiff sole party entitled to recover legal costs under statute, notwithstanding that plaintiff's net judgment reduced by amount of lesser judgment for defendant on counterclaim). If, as the record below reflects, the defendant's negligence and the plaintiff's property damage were not issues of serious dispute, and the defendant's primary defense was that the plaintiff had not suffered a permanent injury within reasonable medical probability so as to entitle the plaintiff to recover for personal injuries, see § 627.737, Fla. Stat. (1981), then, given the results of this case, the defendant could have preserved his claim for costs had he made an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442 in the undisputed amount of the property damage. That not having been done and the defendant not being a "party recovering judgment," the defendant's motion to tax costs was correctly denied.
Affirmed.