LEHAN, Judge.
We affirm the trial court’s denial of the Florida Patient’s Compensation Fund’s motion for attorney’s fees under section 768.-56, Florida Statutes (1981). We agree with the trial court that the Fund was not the “prevailing party” in this litigation within the intended scope of section 768.56.
The jury in this medical malpractice trial against plaintiff’s doctor and the Fund returned a verdict in the total sum of $27,000 which was below the threshold amount of $100,000 beyond which the Fund’s obligation to compensate plaintiff would be activated. § 768.54 (3), Fla. Stat. (1981). However, we must conclude that plaintiff actually won the lawsuit.
The Fund was named as a defendant in this lawsuit by virtue of plaintiff’s claim against the doctor, not by reason of some entirely separate claim against the Fund. See § 768.54(3)(e), Fla. Stat. (1981). Although the Fund tellingly argues that from its standpoint the Fund prevailed, for present purposes the appropriate way to view the outcome of a suit like this is from the standpoint of the plaintiff. Failure to win on all aspects of a lawsuit does not mean that plaintiff did not prevail. See Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla.1983) (a plaintiff prevails when he wins a personal injury suit on one theory even though he may lose on another); Raffel v. Magarian, 165 So.2d 249 (Fla. 3d DCA 1964) (a plaintiff is entitled to costs when he obtains a judgment in his favor on liability even though no damages are awarded). See also Upson v. Hazelrig, 444 So.2d 1127 (Fla. 3d DCA 1984). We do not believe it was the legislature’s intent to penalize a plaintiff in these circumstances for adding the Fund to a suit like this. There is no contention that the inclusion of the Fund in the suit was improper. The fact that in closing argument, after all the evidence was in, plaintiff’s attorney asked *382 for damages in an amount less than $100,-000 ($74,266.68) does not mean that inclusion of the Fund in the suit was improper.
It is not established in the record, notwithstanding the hindsight indications provided by the $27,000 jury verdict and by appellees’ $74,266.68 request for damages in closing argument, whether or not the potential liability of the Fund in this lawsuit should have been anticipated to be less than the foregoing threshold level. But, even if it had been shown that such potential liability should have been anticipated to be less than that threshold level, the legislature seems to have placed upon the Fund in that type of circumstance the responsibility to decide whether or not to rely upon the defense of the other defendant (the doctor here) or to incur the separate expense of defending the suit itself. The legislature did not place upon the plaintiff the responsibility to decide whether or not to continue the suit against the Fund. Section 768.54(3)(e) 1 provides: “If, after the facts upon which the claim is based are reviewed, it appears that the claim will exceed $100,000 or, if greater, the amount of the health care provider’s basic coverage, the fund shall appear and actively defend itself when named as a defendant in the suit.” Accordingly, it is up to the Fund to decide when it may properly not actively defend. Therefore, there appears to be validity in appellees’ argument to the effect that appellees did not bear the sole responsibility for the Fund incurring the defense expenses it seeks to recover from appel-lees.
AFFIRMED.
OTT, A.C.J., and SCHOONOVER, J., concur.