DANIEL S. PEARSON, Judge.
On this appeal Quijano challenges an award of attorney’s fees to the Florida Patient’s Compensation Fund as a prevailing party under Section 768.56, Florida Statutes (1983),[1] after summary judgment was entered for the Fund on undisputed evidence that no health care provider joined as a defendant was a member of the Fund. Section 768.56, Florida Statutes (1983), provides:
“[T]he court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization.”
Quijano contends, first, that the Fund is not among the persons specified in Section 768.56 — that is, the Fund is not a “medical or osteopathic physician, podiatrist, hospital, or health maintenance organization”— on account of whose alleged malpractice the claim for damages was brought. It is true that attorney’s fees may not be awarded where the person accused of the malpractice is not one of the persons specified in the statute. Tappan v. Florida Medical Center, Inc., 488 So.2d 630 (Fla. 4th DCA 1986) (suit alleging malpractice by chiropractor; prevailing chiropractor not entitled to fees); Finkelstein v. North Broward Hospital District, 484 So.2d 1241 *658 (Fla.1986) (suit alleging malpractice by nurse; prevailing plaintiff not entitled to have fees assessed against nurse). However, and contrary to Quijano’s contention, it does not follow that attorney’s fees may not be awarded to a person, such as the Fund, which is not one of the persons specified in the statute. The statute requires only that the underlying action for damages be on account of alleged malpractice committed by one of the specified persons; it does not require that a party, such as the Fund, which may be otherwise liable for that malpractice — and which is thereby joined as a defendant — need also be one of the specified persons in order to be entitled to attorney’s fees. Thus, because the present case arose from the alleged malpractice of certain physicians and a hospital — persons specified in Section 768.56— the statute itself is no bar to — indeed authorizes — the recovery of attorney’s fees by the Fund.
We also reject Quijano’s further argument that Section 768.54(3)(f)(l), Florida Statutes (1983), mandates that the Fund pay its own attorney’s fees. While the statute plainly provides that, in defending an action, “the fund shall retain counsel and pay out of the account for the appropriate year attorneys’ fees and expenses, including court costs incurred in defending the fund,” it most assuredly does not prohibit the Fund from seeking reimbursement as a prevailing party from an unsuccessful malpractice plaintiff. Cf. Metropolitan Dade County v. P.L. Dodge Foundations, 509 So.2d 1170 (Fla. 3d DCA 1987) (duty to provide medical care to prisoners does not preclude County from seeking reimbursement for costs of medical care).
Finally, we find frivolous Quijano’s contention that the Fund did not prevail on the merits and is thus not a prevailing party. First, it is the merits of the action against the Fund, not the merits of the underlying malpractice action against the health care providers, that determines whether the Fund has prevailed on the merits. Thus, where the Fund is entitled to judgment in its favor because the statute of limitations has run on any possible claim against it, see Florida Patient’s Compensation Fund v. Cohen, 488 So.2d 56 (Fla.1986); Taddiken v. Florida Patient’s Compensation Fund, 478 So.2d 1058 (Fla.1985), it is irrelevant that the plaintiff’s malpractice action against the health care provider is meritorious. Likewise, where, as here, the Fund is without liability because none of the health care providers are insured by it, it does not matter that the malpractice action against the health care providers has merit. Thus, viewing a “merits determination” as a final and irrevocable ruling for the Fund on its defense, there has been a “merits determination,” and the Fund has prevailed on the merits. But even if a “merits determination” is more restrictively viewed as one relating only to the allegations in the complaint, such a “merits determination” is not a prerequisite to attorney’s fees for a party which has prevailed without regard to the merits of the allegations of the complaint. See Metropolitan Dade County v. Evans, 474 So.2d 392 (Fla. 3d DCA 1985) (merits determination not prerequisite to award of attorney’s fees under a prevailing party statute, where dismissal of defendant operated to terminate finally proceeding against him).
Accordingly, the judgment awarding attorney’s fees to the Fund is
Affirmed.

. Replaced by Section 768.595, Florida Statutes (1985), effective July 1, 1986.