522 So.2d 920 (1988)
Robert CAPLAN, Appellant/Cross-Appellee,
v.
1616 EAST SUNRISE MOTORS, INC., Appellee/Cross-Appellant.
Nos. 87-917, 87-2791.
District Court of Appeal of Florida, Third District.
March 8, 1988.
Rehearing Denied April 25, 1988.
Young, Stern & Tannenbaum and Barry S. Franklin and Jeremy Koss, North Miami Beach, for appellant/cross-appellee.
McCune, Hiaasen, Crum, Ferris & Gardner and Bryan W. Duke, Fort Lauderdale, for appellee/cross-appellant.
*921 Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm the judgment entered upon a directed verdict for the defendant, 1616 East Sunrise Motors, Inc. [Sunrise]. We assume, but do not decide, that a franchised motor vehicle dealer as well as a manufacturer may be held liable to a consumer under the Motor Vehicle Warranty Enforcement Act [commonly known as the Florida Lemon Law], §§ 681.10-.108, Fla. Stat. (1983). Nevertheless, we hold that Sunrise, as the purchaser of an automobile dealership company, is subject to no successor liability, under the Lemon Law or otherwise, for its predecessor's sale of the defective motor vehicle where there is no evidence to trigger any of the exceptions to the general rule of no successor liability, outlined in Bernard v. Kee Manufacturing Co., 409 So.2d 1047 (Fla. 1982).
Additionally, we affirm the separate order awarding Sunrise attorney's fees under the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201-.213, Fla. Stat. In so doing, we reject Caplan's contention that Sunrise  the dealer  cannot be a prevailing party as required by Section 501.2105, Florida Statutes,[1] because Caplan recovered a judgment on his claim against the co-defendant  the manufacturer.[2] While it is true, as Caplan argues, that a plaintiff need not recover on each of his alternative theories of liability against a particular defendant to be a prevailing party, Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983), no amount of success against one defendant  even if sufficient to fully compensate the plaintiff  can be considered success against a different defendant. Thus, a defendant who prevails against a plaintiff may properly view as irrelevant that the plaintiff prevailed against another defendant in the same action. See Quijano v. Florida Patient's Compensation Fund, 520 So.2d 656 (Fla. 3d DCA 1988).
We do not agree with Caplan that Florida Patient's Compensation Fund v. Black, 460 So.2d 381 (Fla. 2d DCA 1984), holds that recovery of judgment against any single defendant precludes other defendants against whom no recovery is had from being considered prevailing parties for the purposes of awarding attorney's fees. Instead, we read Black as announcing the extremely narrow rule  indeed, one uniquely confined to the Patient's Compensation Fund statute  that where the Fund is properly joined as a defendant in a suit against one of its members, and the Fund thereafter exercises its option to appear and actively defend itself upon its evaluation that the claim against the health care provider may exceed $100,000  the amount required to trigger the Fund's liability to the plaintiff  an ultimate verdict of less than this amount does not make this voluntarily-appearing defendant a prevailing party. But where, as in Quijano, the Fund has no possible liability  and its participation as a defendant is involuntary  a judgment in its favor makes it a prevailing party entitled to attorney's fees.
Lastly, we turn to Sunrise's contention in its cross-appeal that it was awarded too little in attorney's fees. Sunrise presented unrebutted evidence that its attorneys spent 177 taxable hours on the case and that a rate of $125 an hour was reasonable, but was awarded only $13,678.50 instead of the approximately $22,000 that had been requested. Caplan contends that the amount of fees awarded was properly reduced because the services by Sunrise's *922 attorneys were not confined to the defense of the count brought under the Florida Unfair and Deceptive Trade Practices Act  for which fees are authorized  but included other counts for which fees are not authorized.[3] We reject this contention in favor of a holding that where, as here, all the claims made against a defendant involve "a common core of facts and [are] based on related legal theories," the award of attorney's fees should not be reduced in the absence of a showing that the defendant's attorneys spent a separate and distinct amount of time in defending a count upon which no attorney's fees were awardable. Chrysler Corp. v. Weinstein, 522 So.2d 894, 896 (Fla. 3d DCA 1988). Thus, in the present case, time spent marshaling the facts of the sale, the condition of the car, repairs, damages, etc., likely would have been spent defending any one or all of the counts. In contrast, time spent by Sunrise's attorneys, for example, researching the discrete issue of the liability of a dealer under the Lemon Law should not be included in the award of attorney's fees.
In sum, the judgment for 1616 East Sunrise Motors, Inc. and the order awarding it attorney's fees are affirmed. The case is, however, remanded to the trial court to reconsider the amount of the award of attorney's fees in light of the principles discussed in this opinion.
Affirmed in part; remanded to the trial court with directions.
NOTES
[1] Section 501.2105, Florida Statutes (1983), provides in pertinent part:

"(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, ... the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the non-prevailing party."
[2] The judgment against the manufacturer is the subject of a separate appeal pending in this court as Maserati Automobiles, Inc. v. Caplan, Case Nos. 87-1163 and 87-1635.
[3] Although the Lemon Law does contain fee provisions authorizing an award of fees to the consumer, § 681.104(5)(b), Fla. Stat. (1983), and to a defendant in an action brought in bad faith, § 681.106, Fla. Stat. (1983), neither of these provisions is applicable here.