STONE, Judge.
This is an appeal from an order denying a motion to tax costs in favor of third party defendants against a third party plaintiff. We reverse.
Smith was sued for personal injuries arising out of an automobile accident. She filed a third party complaint against Chivers and Allstate. The jury returned a verdict against the plaintiff, finding that she had not sustained a permanent injury. The trial court entered a final judgment in favor of Smith, Chivers and Allstate. The court awarded costs in favor of Smith and against the plaintiff. However, the court denied the appellants’ motion to tax costs against Smith, despite a provision in the final judgment that the third party defendants “go hence without day,” because no determination was made in the verdict on the issue of liability for the accident.
Section 57.041, Florida Statutes, provides that a party “recovering judgment” shall recover costs. The wording of this statute is clear and unambiguous. This section applies to a recovery of costs by a third party defendant. Puder v. Revitz, 424 So.2d 76 (Fla. 3d DCA 1982). We deem Propst v. Neily, 467 So.2d 398 (Fla. 4th DCA 1985), relied upon by appellee and the trial court, to be inapposite to the recovery of costs under section 57.041.
The appellants, having recovered judgment, even if the jury verdict was based on a threshold issue, are entitled to costs as a matter of law. Therefore, the order is reversed and remanded for a hearing on the appellants’ motion to tax costs.
GLICKSTEIN, J. and MÚSSELMAN, JACK, Associate Judge, concur.