605 So.2d 580 (1992)
B.J. MILITANA and Marie Militana, Appellants,
v.
Philip LADD and Shirley Ladd, Appellees.
No. 91-2227.
District Court of Appeal of Florida, Third District.
September 29, 1992.
Militana, Militana, Militana & Beauchamp, and Tracy L. Christy, Miami, for appellants.
Barnett, Clark and Barnard, and Richard M. Nelson, Miami, for appellees.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
The plaintiffs, B.J. Militana and Marie Militana, appeal from a final cost judgment entered in favor of the defendants' liability insurance carrier. We affirm.
The plaintiffs brought a negligence action against the defendants, Philip Ladd and Shirley Ladd, alleging that B.J. Militana sustained serious and permanent injuries as a result of an automobile accident. During opening statement, the defendants' attorney admitted liability. As a result, the issue of liability was not submitted to the jury. The jury returned a verdict finding that B.J. Militana had not sustained a permanent injury within a reasonable degree of medical probability as a result of the accident. The final judgment stated, in part, that "the Plaintiffs, B.J. Militana and Marie Militana take nothing by this action and the Defendant [sic], Philip Ladd and Shirley Ladd go hence without a day."
The plaintiffs and defendants filed motions to tax costs. The trial court granted the defendants' motion, but denied the plaintiffs' motion. The plaintiffs appeal.
The plaintiffs contend that the trial court erred in granting the defendants' motion to tax costs where they were the parties recovering judgment since the defendants admitted liability. We disagree.
In Weeks v. Klimas, 566 So.2d 344 (Fla. 2d DCA 1990), the final judgment provided that the plaintiff would recover nothing as a result of the plaintiff failing to establish that he had sustained a permanent injury within a reasonable degree of medical probability. The Weeks court held that under the final judgment the defendants "were entitled to a judgment for their taxable costs pursuant to section 57.041(1), Florida Statutes (1987), because they were the parties recovering judgment." Weeks, 566 So.2d at 345.
As in Weeks, the plaintiffs failed to establish that plaintiff B.J. Militana sustained a permanent injury within a reasonable degree of medical probability. Furthermore, the final judgment stated, in part, that "the plaintiffs ... take nothing by this action and the Defendants ... go hence without a day." Accordingly, as in Weeks, the defendants in the instant case are "entitled to a judgment for their taxable costs" since *581 "they were the parties recovering judgment." Weeks, 566 So.2d at 345. See also Chivers v. Smith, 556 So.2d 798 (Fla. 4th DCA 1990); Upson v. Hazelrig, 444 So.2d 1127 (Fla. 3d DCA 1984); § 57.041, Fla. Stat. (1989).
Accordingly, the final cost judgment entered in favor of the defendants' liability insurance carrier is affirmed.