Dear Commissioner Brown:
You have requested an opinion concerning whether the Louisiana Department of Insurance may approve a form for a worker's compensation policy which excludes punitive or exemplary damages. As you represented in your request, the Supreme Court of Louisiana in Billiot v. B.P. Oil Company 93-C-1118, 9/29/94, recently allowed an employee to recover exemplary damages from an employer in addition to the damages allowed under Louisiana's Worker's Compensation Law. This decision exposes employers and their worker compensation insurers to liability for exemplary damages in work related accidents.
The Commissioner of Insurance is charged with the duty of approving Worker's Compensation Policy forms by virtue of LSA-R.S.23:1161 and the review of said policies is controlled by LSA-R.S. 22:620 et seq. According to these laws, the Department of Insurance may not approve any provision of a policy form which is in violation of the Insurance Code or other applicable Louisiana Law. LSA-R.S. 22:620, allows an insurer to insert in a policy any provision or condition required by its plan of insurance or method of operation which are not prohibited by the provisions of the insurance code. The Commissioner must, therefore, examine policy forms in light of whether a particular provision violates Louisiana law and approve those provisions which do not.
It is now a rule of Louisiana Law that liability policies may extend coverage to exemplary damages assessed against the insured. See Sharp vs. Daigre, 555 So.2d 1361
(La. 1990). This office has issued three prior opinions, 89-124, 89-124A and 90-471 which state that a basic insurance policy form cannot exclude coverage for exemplary or punitive damages authorized under Louisiana Law. However, the insured may waive, in writing, such coverage if he desires. These opinions were based on public policy concerns fully developed in the body of these opinions. Recent jurisprudence and legislative amendments have caused this office to re-evaluate this opinion.
The most significant pronouncement occurred in the 1993 amendment to LSA-R.S. 22:1406 D(1) (a) (i) which specifically allows Uninsured Motorist carriers to exclude exemplary damages from the mandatory coverage requirements. This provision now reads: "The coverage provided under this subsection may exclude coverage for punitive or exemplary damages by the terms of the policy or contract." Although this section is not controlling upon the policy forms for Worker's Compensation liability insurance, it does indicate that the legislature places a minimal emphasis on this type of coverage. In support of this proposition, various cases have upheld exclusions of exemplary or punitive coverage without questioning their propriety. See Eagler v. ChampionInsurance Company 558 So.2d 284 (La.App. 3 Cir. 1990):McDaniel v. DeJean 556 So.2d 798. 1336 (La.App. 1 Cir. 1990); and Fortier v. Hamblin 610 So.2d 897, (La.App. 1 Cir. 1992). The First Circuit Court of Appeals inTaylor v. Lumar 612 So.2d 798 (La.App. 1 Cir. 1992) stated that "the exclusion of punitive damages in the definition section of the policy does not offend public policy." Based on this jurisprudence there appears to be no prohibition upon exclusion of exemplary or punitive damages in general liability policies.
The particular issue presented by your request however, specifically addresses worker's compensation policies. These policies are subject to additional requirements described in LSA-R.S. 23:1162, which states that no policy shall be issued unless it contains a provision which states that the policy covers the entire liability of the employer. Courts have construed this article to require the liability covered by Worker's Compensation policies to be coextensive with that of the insured employer under provision of workers compensation law, Cline v.Pacific Marine Ins. Co. 619 So.2d 1256 (La.App. 3 Cir. 1993). This statute raises a question as to whether it is mandatory for the worker's compensation insurer to issue a policy to cover exemplary or punitive damages. The Court in Billiot v.B.P. Oil Company (supra) states that damages under Worker's Compensation laws include compensatory damages associated with a worker's injury and exemplary damages are not to be classified worker's Compensation damages. Given that the court's interpretation of Worker's Compensation damages is limited to compensatory damages within the context of theBilliot case, it would appear that the provisions of LSA-R.S. 23:1161 would apply only to an employee's compensatory damages. Punitive damages are not within the scope of Worker's Compensation damages as defined by Billiot and consequently a liability insurer should be able to exclude exemplary and punitive damages from Worker's Compensation coverage if it so desires.
The findings of this opinion are contrary to Attorney General Opinion Nos. 89-124, 89-124-A and 90-471 in that it finds that the Commissioner of Insurance may approve Worker's Compensation liability insurance form policies which exclude exemplary or punitive damages. Consequently, the aforementioned opinions are recalled.
Yours Very Truly,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ Stephen M. Whitlow Assistant Attorney General Consumer Protection Section
SMW/ch