PER CURIAM.
Sunshine Bottling Co. (“Sunshine”), appeals several adverse orders concerning a jury verdict in a contract dispute. We reverse in part and affirm in part.
Tropieana Products, Inc. (“Tropieana”), contracted with Sunshine to bottle its orange juice. A dispute arose when Tropicana altered canning specifications, prompting Sunshine to sue Tropieana for breach of contract and promissory estop-pel. Tropieana counterclaimed for promissory estoppel, quantum meruit and breach of contract. The counterclaim included a request for attorney’s fees.
The jury found in favor of Sunshine on both the claims and counterclaims. Although the jury awarded no damages on the breach of contract claim, Sunshine was awarded $592,000 on the promissory es-toppel claim. Thereafter, the trial court entered a judgment notwithstanding the verdict on the promissory estoppel claim, denied Sunshine’s new trial motion, motion for attorneys’ fees and costs, and motion to reassign/disqualify the judge. The trial court then granted Tropicana’s motion to tax costs. Sunshine appealed the adverse orders, and this Court consolidated the appeals.
First, the trial court erred in granting a judgment notwithstanding the verdict on Sunshine’s promissory estoppel claim. To sustain a judgment notwithstanding the verdict, “the record must conclusively demonstrate a total absence of facts or reasonable inference therefrom which would support the jury’s verdict.” Easton-Babcock & Assoc., Inc. v. Fernandez, 706 So.2d 916, 919 (Fla. 3d DCA 1998). The record reflects that Sunshine had a viable claim for promissory estoppel for the amounts expended in restructuring its plant. See Revlon Group, Inc. v. LJS Realty, Inc., 579 So.2d 865 (Fla. 4th DCA 1991); Knauf Fiber Glass, GmbH v. Stein, 615 N.E.2d 115 (Ind.Ct.App.), reversed in part on other grounds, 622 N.E.2d 163 (Ind.1993). Because the trial court erred in entering a judgment notwithstanding the verdict, we reverse and remand with instructions to reinstate the jury’s award on the promissory estoppel claim. See Napoli v. Liberty Mut. Ins. Co., 364 So.2d 878 (Fla. 4th DCA 1978).
*1233 Second, the trial court erred in denying Sunshine’s motion for costs and in granting Tropicana’s motion for costs. This Court has held that “every party who recovers a judgment in a legal proceeding is entitled as a matter of law to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment.” Weitzer Oak Park Estate, Ltd. v. Petto, 573 So.2d 990, 991 (Fla. 3d DCA 1991).
Both Sunshine and Tropicana litigated their respective breach of contract claims. The jury’s verdict reflects that Tropicana breached the contract but that Sunshine did not. Even though no damages were assessed, Sunshine was the only party entitled to recover a judgment, and for that reason the only one entitled to recover its costs. See The Green Companies, Inc. v. Kendall Racquetball Investment, Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995); Upson v. Hazelrig, 444 So.2d 1127 (Fla. 3d DCA 1984); Blue v. Williams, 200 So.2d 626 (Fla. 3d DCA 1967); Raffel v. Magarian, 165 So.2d 249 (Fla. 3d DCA 1964).
However, we find Sunshine is not entitled to attorneys’ fees because nothing in the parties’ agreement provides for prevailing party attorneys’ fees in the event of litigation between the parties. The contract does contain an indemnification clause whereby Tropicana and Sunshine agreed to indemnify each other for damages and other losses (including fees) arising from litigation brought by third parties for injuries or damages attributable to the party not sued. This section of the contract, however, does not contain a prevailing-party, fee-shifting provision. In the absence of a clear and unambiguous contractual provision or a statutory right, Sunshine is not entitled to attorney’s fees. See Sholkoff v. Boca Raton Community Hosp., Inc., 693 So.2d 1114 (Fla. 4th DCA 1997); Florida Med. Ctr., Inc. v. McCoy, 657 So.2d 1248 (Fla. 4th DCA 1995).
Finally, we disagree with Sunshine’s argument that the zero damage award was against the manifest weight of the evidence, entitling it to a new trial on damages. A verdict of zero damages must stand unless the record affirmatively shows its impropriety “or the trial judge determines that the jury was influenced by considerations outside the record.” Phillips v. Ostrer, 481 So.2d 1241 (Fla. 3d DCA 1985), review denied, 492 So.2d 1334 (Fla.1986). The basic test for determining the adequacy of a verdict is whether a jury of reasonable people could have returned the verdict. See City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977).
In order to recover damages for lost profits, a jury must find that the wrongful act of the defendant proximately caused the damage. See Daniel Int’l Corp. v. Better Constr., Inc., 593 So.2d 524 (Fla. 3d DCA 1991), review denied, 602 So.2d 941 (Fla.1992); Douglass Fertilizers & Chem., Inc. v. McClung Landscaping, Inc., 459 So.2d 335 (Fla. 5th DCA 1984). Here, there was expert testimony presented from which the jury could conclude that even though Tropicana breached the contract, it did not cause Sunshine’s lost profits damages. Because the record does not affirmatively show the zero damages verdict was inadequate, the trial court did not abuse its discretion in denying the motion for new trial. See Rooney v. Hannon, 732 So.2d 408 (Fla. 4th DCA 1999); City of Hollywood v. Jarkesy, 343 So.2d at 886.
Accordingly, the case is reversed in part and remanded with instructions to reinstate the promissory estoppel verdict, and to award only Sunshine its costs. In all other respects the remaining orders below, including the orders denying Sunshine’s motion for attorney’s fees and motion for new trial, are affirmed.
Affirmed in part; reversed in part and remanded.