845 So.2d 332 (2003)
Isaac TACHER, Appellant,
v.
Cheryl MATHEWS and George Mathews, Appellee.
No. 3D01-3369.
District Court of Appeal of Florida, Third District.
May 21, 2003.
*333 Luis E. Ordonez & Associates and Frances F. Guasch, for appellant.
Scott R. Gill (Ft.Lauderdale), for appellee.
Before SCHWARTZ, C.J., and COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN and RAMIREZ, JJ., En Banc.
GREEN, J.
The issue before this court is whether a zero dollar ($0.00) damage award always constitutes a defense "judgment" for purposes of a cost award under section 57.041, Fla. Stat. (1995). Following oral argument before a three judge panel, we sua sponte reheard the case en banc to consider the intra-district conflict between Upson v. Hazelrig, 444 So.2d 1127 (Fla. 3d DCA 1984), Blue v. Williams, 200 So.2d 626 (Fla. 3d DCA 1967), and Raffel v. Magarian, 165 So.2d 249 (Fla. 3d DCA 1964), all of which concluded that costs should go to the plaintiff under similar situations; and Militana v. Ladd, 605 So.2d 580 (Fla. 3d DCA 1992), which found that the defendant was entitled to a cost award. For the reasons outlined below, we recede from our opinions in Upson, Blue, and Raffel, and reaffirm our holding in Militana that a zero damage award constitutes a defense judgment for purposes of a cost award under section 57.041.
This case arose from a motor vehicle accident between plaintiff/appellee, Cheryl Mathews, and defendant/appellant, Issac Tacher. At trial, the lower court bifurcated the liability and damage issues. During the liability portion of the trial, the court directed a verdict in favor of Mathews based upon its finding that Tacher has completely at fault for the accident. That finding was affirmed by this court. See Tacher v. Asmus, 743 So.2d 157 (Fla. 3d DCA 1999), cause dismissed 767 So.2d 461 (Fla.2000).
During the damages portion of the trial, the jury concluded that Mathews had not sustained any permanent injury, and returned a verdict against Tacher in the amount of $4,210.00 for past medical expenses. After applying the applicable set-offs, Mathews' verdict was ultimately reduced to zero. The trial judge entered a judgment in favor of Tacher, which stated inter alia that Mathews "take nothing by this action and that Defendant [Tacher]... shall go hence without day." The Court also reserved jurisdiction to determine the entitlement to and the amount of costs and attorney's fees to Tacher.
Tacher filed motions to tax costs and fees against Mathews, which Mathews moved to strike. The court granted Mathews' motion to strike attorney's fees, which Tacher did not appeal.[1] Mathews replied to Tacher's motion to tax costs and moved to correct the final judgment to award costs to her. The trial court denied Tacher's motion for costs, finding that Mathews was the prevailing party presumably in accordance with our decisions in Upson, Blue, and Raffel.
At the outset, and in fairness to the trial court, we acknowledge the inconsistency in our holdings on the issue presented on this appeal. In our most recent decision in Militana v. Ladd, supra, we held that where a plaintiff failed to establish that he *334 had sustained a permanent injury despite the defendant's admission of liability, the defendant was the party who recovered judgment and was therefore entitled to a recovery of costs. 605 So.2d at 581. Militana was a negligence action resulting from an automobile accident. The defendant admitted liability during opening statements, and therefore liability was not submitted to the jury. The jury's verdict found that the plaintiffs had suffered no permanent injury as a result of the accident. The court's judgment stated that the plaintiffs "take nothing by this action" and the defendants "go hence without a day." Both parties filed motions to tax costs. The defendant's motion was granted, and the plaintiffs' motion was denied.
We affirmed finding that "the defendants in the instant case are `entitled to a judgment for their taxable costs' since `they were the parties recovering judgment.' " 605 So.2d 580-81 (citing Weeks v. Klimas, 566 So.2d 344, 345 (Fla. 2d DCA 1990)).
However, prior to Militana, in Upson v. Hazelrig, supra; Blue v. Williams, supra; and Raffel v. Magarian,[2]supra; we ruled entirely differently. In Upson, which also resulted from an automobile accident, the jury found that the plaintiff's injuries were caused solely by the defendant. However, the jury awarded plaintiff no damages for his injuries. We held that the plaintiff was "nevertheless the sole party entitled to recover judgment and thus costs under Section 57.041, ...." 444 So.2d at 1127-28. Similarly, in Blue the jury found for the plaintiff but awarded zero damages. The trial court, thereafter, entered judgment for the defendant. We reversed finding that it was "error to enter judgment for the defendant upon a verdict for the plaintiff." 200 So.2d at 627. Accordingly, we ordered that costs be taxed against the defendant.
Section 57.041 mandates that a party recovering a judgment is entitled, as a matter of right, to recover lawful court costs. The award of these costs is not discretionary. See Weitzer Oak Park Estate, Ltd. v. Petto, 573 So.2d 990, 991 (Fla. 3d DCA 1991) (stating that under the statute, "every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment.") (citations omitted). Specifically, this section provides, in pertinent part, that:
(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
§ 57.071(1), Fla. Stat. (1995).
Judgment is defined as "[a] determination of a court of law; a judicial decision. A court act creating or affirming an obligation, such as a debt." THE AMERICAN HERITAGE DICTIONARY 975 (3d ed.1992). See also BLACKS LAW DICTIONARY (7th ed.1999) (judgment is defined as "a court's final determination of the rights and obligations of the parties in a case."). It is undisputed that the final judgment in this case provided that Mathews *335 "take nothing by this action," thereby determining that Mathews had no right to damages, and Tacher owed no obligation to her. This was a judgment in favor of Tacher. Thus, according to the plain language of the statute, we therefore find that costs had to be awarded to Tacher. See Zurich, U.S. v. Weeden, 805 So.2d 945, 948 (Fla. 4th DCA 2001) (stating that "[s]tatutory language is to be given its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature."). We, therefore, reaffirm our holding in Militana, and recede from our decisions in Upson, Blue, and Raffel.
Reversed and remanded with directions to award taxable costs to the appellant.
NOTES
[1] Accordingly, the issue of whether Tacher is entitled to attorney's fees is not before this court.
[2] Again in an automobile accident, the jury in Raffel found for the plaintiff, but assessed his damages at "none" dollars. The trial court entered judgment and later a cost judgment in favor of the defendants. We reversed finding that the only judgment which the court could "validly render on the verdict returned by the jury was one in favor of the [plaintiff]." 165 So.2d at 250. We thereafter held that "[i]nasmuch as a judgment in favor of the [plaintiff] should have been rendered on the verdict, it follows that costs should have been taxed against the [defendant]." 165 So.2d at 250-51.