921 So.2d 690 (2006)
Richard Lee COLONEL, Appellant,
v.
Maureen E. MEYERSON, Appellee.
No. 5D05-1707.
District Court of Appeal of Florida, Fifth District.
February 3, 2006.
Rehearing Denied March 1, 2006.
*691 Richard L. Colonel, Hawthorne, pro se.
C. Gary Moody of Moody & Salzman, P.A., Gainesville, for Appellee.
PETERSON, E., Senior Judge.
Richard Lee Colonel appeals an award of costs to Maureen E. Meyerson who was determined by the trial court to be the prevailing party for the purpose of awarding those costs although Meyerson was awarded no damages by a jury in her action against Colonel.
Meyerson and Colonel are neighbors in Melrose Landing, an aviation community, but apparently dislike one another. Meyerson filed a complaint against Colonel alleging that he intentionally and maliciously flew his Cessna aircraft towards her at a low altitude while she was riding her horse. The horse was startled, she fell off and was injured. A jury agreed with Meyerson that Colonel's action was intentional, but awarded no damages.
The most current precedent involving prevailing party costs in this district also involved hostile neighbors. In Granoff v. Seidle, 915 So.2d 674 (Fla. 5th DCA 2005), this court applied the abuse of discretion standard of review in deciding whether the trial court properly determined which litigant was the prevailing party. This court adopted that standard, but acknowledged that other districts have adopted a review that focuses on the result obtained. Cf. Zhang v. D.B.R. Asset Mgmt., Inc., 878 So.2d 386 (Fla. 3d DCA 2004); Smith v. Adler, 596 So.2d 696 (Fla. 4th DCA 1992). The third district reversed its previous focus in Tacher v. Mathews, 845 So.2d 332 (Fla. 3d DCA 2003) by adopting the result obtained standard.
The Florida Supreme Court has considered at least two cases involving the prevailing party standard. Those cases involved net verdicts where each of the parties were awarded damages with setoffs. See Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993); Moritz v. Hoyt Enterprises, 604 So.2d 807 (Fla.1992). The Court adopted a more flexible rule in awarding attorney's fees by allowing the trial judge to determine from the record which party in fact has prevailed on the significant issues tried. The same concept was followed by this court in Granoff in determining the prevailing party entitled to costs under section 57.041, Florida Statutes (2005). Unfortunately, in the instant case, from the limited record provided we are unable to determine whether the trial court abused its discretion by awarding costs to Meyerson. We must therefore affirm the trial court's judgment.
Our affirmance is not without acknowledgment of the more simplified approach taken by the third district in Tacher when *692 one need only look to a denial of any damages to a plaintiff in determining that a defendant is entitled to recover costs. We certify conflict with Tacher.
AFFIRMED; CONFLICT CERTIFIED.
ORFINGER and TORPY, JJ., concur.