925 So.2d 1060 (2006)
Jerome SORRENTINO and Rita Sorrentino, Appellants,
v.
RIVER RUN CONDOMINIUM ASSOCIATION, etc., Appellee.
No. 5D05-836.
District Court of Appeal of Florida, Fifth District.
March 3, 2006.
Rehearing Denied April 18, 2006.
*1061 Robert B. Snow of Robert Bruce Snow, P.A., Brooksville, for Appellant.
Kimberly A. Ashby, of Akerman Senterfitt, Orlando, for Appellee.
SHARP, W., J.
Jerome and Rita Sorrentino appeal from a final order in a lawsuit brought against them by the River Run Condominium Association, a Condominium Homeowners Association. The Association sought to enforce the provisions and restrictions of the Condominium Declaration by requiring the Sorrentinos to remove two tubular skylights[1] they installed in the roof and ceiling of their condominium unit in River Run, without the prior written approval of the Association. The Sorrentinos defended *1062 and counterclaimed for an injunction prohibiting the Association from requiring them to remove the skylights. Both parties requested an award of attorney's fees, should they prevail. After conducting a bench trial, the court granted the relief requested by the Sorrentinos, denied the relief requested by the Association, and denied an award of attorney's fees to the Sorrentinos.
On appeal, the Sorrentinos argue that they are entitled to a reasonable attorney's fee award as the prevailing party, and that the trial court breached its discretion in failing to make an award pursuant to sections 718.303, and 163.04(3), as well as provision 18.2 of the Declaration of Condominium. We agree and reverse.
This record consists solely of pleadings filed before trial and the order containing findings of fact found by the court following the trial. There is no transcript. Thus, we base our opinion on that record and accept as true and established the fact findings by the trial court.[2]
This controversy arose when the Sorrentinos sought permission from the Association to install two tubular skylights, "similar to the one installed in our building # 8 at 6693 and various other units in the community," in their unit. The letter is dated August 19, 2002. It stated that the work would be done by a reputable company and it attached specifications and a description sheet, although they are missing from the record. The letter further stated that a representative from the company was prepared to answer any and all questions the Board members might have and that a representative of the company would make a presentation to the Board, if requested. The letter also gave the name and telephone number of the company and a representative.
The application was discussed at a Board meeting, but was tabled because Board members thought more information was needed. The President of the Association contacted the company who the Sorrentinos had proposed to install the skylights, and asked that a representative of the company appear at the next Board meeting to answer questions of its members. However, the company replied that it did not have a representative available to attend an evening meeting, which was apparently when the Board met.
The President made no further effort to obtain information from the company and she did not request additional information from the Sorrentinos. Because no additional information was provided regarding the application, the application was denied at the next Board meeting. The President informed the Sorrentinos of the denial.
Even though their application had been denied by the Board, the Sorrentinos proceeded to install the tubular skylights on the roof of their unit. Clearly the roof was a common element of the condominium and under at least two provisions of the Declaration, prior written approval of the Board was required before such a structural alteration of the unit and or common element could be made.[3]
When the Board learned that the skylights had been installed, the Board sent the Sorrentinos a letter dated November 22, 2002, requesting that the skylights be removed at their expense by a licensed and bonded roofer. It stated that the Board's denial was based on the Association's concern that the skylights would place the *1063 roof in jeopardy and the exercise of the Association's responsibility for the roof as a common element.
The Sorrentinos responded with a letter to the Board dated December 2, 2002. Apparently, for the first time, they informed the Board that the skylights were solar collectors and that pursuant to section 163.04 they did not need the Board's approval to install them. The letter enclosed a copy of the statute. It provides in part:
163.04. Energy devices based on renewable resources.
(2) No deed restrictions, covenants, or similar binding agreements running with the land shall prohibit or have the effect of prohibiting solar collectors, clotheslines, or other energy devices based on renewable resources from being installed on buildings erected on the lots or parcels covered by the deed restrictions, covenants, or binding agreements. A property owner may not be denied permission to install solar collectors or other energy devices based on renewable resources by any entity granted the owner or right in any deed restriction, covenant, or similar binding agreement to approve, forbid, control or direct alteration of property with respect to residential dwellings not exceeding three stories in height. For purposes or this subsection, such entity may determine the specific location where solar collectors may be installed on the roof within an orientation to the south or within 45 east or west of due south provided that such determination does not impair the effective operation of the solar collectors.
(3) In any litigation arising under the provisions of this section, the prevailing party shall be entitled to costs and reasonable attorney fees.
Seemingly unimpressed with section 163.04 and not addressing it, the attorney for the Association sent a letter to the Sorrentinos dated December 31, 2002. He informed them the Board had directed him to make a formal demand that they remove the skylights. He gave them thirty days in which to remove them via a licensed and bonded roof contractor. If they did not comply, he warned that the Association had authorized him to file a civil action to seek removal of the skylights, and that they would bear the expense of the removal and attorney's fees and court costs.
The Sorrentinos did not remove the skylights and on March 13, 2003 the Association filed this lawsuit alleging breach of the provisions of the Condominium Declaration and seeking a mandatory injunction to have the skylight removed. The Sorrentinos' pleadings in response to the complaint are not in the record, but they filed a motion for summary judgment, apparently based on them. They asserted that the skylights are solar collectors and thus constitute an "energy saving device based on renewable resources," pursuant to section 163.04(2). Thus, the Association could not prohibit their installation under the statute. Attached to the motion were affidavits from experts that establish the two skylights are protected devices and that their installation had had no negative effect on the building where the unit is located.
The Association deposed one of the Sorrentinos' experts and presented the court with a legal memorandum asserting that section 163.04 is unconstitutional. The court denied the Sorrentinos' motion for summary judgment on the ground that there were material issues of fact as to whether the skylights were properly installed and whether the Association has the authority to require that they be removed. *1064 The pre-trial order states that the issues to be tried were:
1. Did the Association have the right to mandate approval of the installation of a tubular skylight in the roof of a condominium unit;
2. Is it an energy-saving device within the meaning of section 163.04;
3. Did the Sorrenintos have the right to install the skylight after the Association denied their request;
4. Is section 163.04 unconstitutional;
5. Award of attorney's fees.
At trial, the parties stipulated that the skylights were energy-saving devices pursuant to section 163.04, Florida Statutes; that the Sorrentinos installed the skylights after being denied approval by the Association; and that since the skylights were installed, three hurricanes occurred and the skylights did not fail in any material way. The issue regarding the constitutionality of section 163.04 was apparently dropped by the Association.
The order rendered after the trial enjoined the Association from requiring the Sorrentinos to remove the skylights because the skylights are protected by section 163.04. It also found, after the fact, that the skylights were properly installed and pose no risk to the condominium building. The order faulted the Sorrentinos for not having made reasonable efforts to obtain the prior written approval of the Association before installing the skylights and found that the Association's initial denial of permission was reasonable. It specifically found that neither was "the prevailing" party.
The court explained why it thought there was no prevailing party. First it said it did not rely on section 163.04 in arriving at its decision. What really occurred here was that the parties had a "failure of communication." The Association's initial denial of the application to install the skylight was proper because the Association was reasonably concerned about safety issues and the integrity of the roof. The parties continued to miscommunicate, even after being represented by counsel. The court did not believe either party was completely right or completely wrong and that there were substantial equities on each side. It was also concerned about the tension between the condominium restrictions, which require Association approval before common elements are altered and the statute, which declares an Association cannot prohibit installation of energy-saving devices, pursuant to section 163.04. The court concluded that pursuant to section 163.04, an Association could not unreasonably deny permission to install a section 163.04 device and that a unit owner must first obtain permission of the Association before installing one, or must be able to establish that the Association acted unreasonably in refusing permission. We agree with this analysis, as far as it goes.
If this case had involved a lawsuit by the Sorrentinos against the Association to mandate its permission to install a section 163.04 device at a stage when the Sorrentinos had failed to inform the Association the skylights were such devices and had failed to provide the Association with information requested of them about their installation by a reputable, licensed, roofing company, the Sorrentinos should lose and we would conclude that the Association prevailed. If the Sorrentinos had provided the Association with all the needed information to establish that the devices were protected by section 163.04, that the installation was to be done by a reputable, competent, licensed, roofing company and had been denied permission, then, in a lawsuit to mandate the Association's permission, or even after installation in defense to a suit to mandate removal, the Sorrentinos should win, and they would be the prevailing *1065 party. In sum, if the device is one protected by section 163.04, the Association cannot unreasonably deny permission to install it in a condominium unit or common element, but an Association can require information and assurance that the device will be properly installed.
This case progressed beyond those fact situations. Perhaps both parties were at fault in not requesting specific information from each other. What exactly did the Board want to know from the company about installation? Why did the Board not pursue this further with the company or the Sorrentinos before simply denying permission? After being denied permission, why did the Sorrentinos not ask why, and try to supply whatever information the Board thought it needed?
However, the lawsuit was filed by the Association after it was put on notice that the devices had been installed and were protected by section 163.04, and that under the terms of the statute it could not arbitrarily refuse permission to install them. Contrary to the arguments asserted by the Association, the Association's remedy at that point was not limited to filing a lawsuit for a mandatory injunction. It could have required the Sorrentinos to submit documentation and proof that the devices were under the umbrella of section 163.04, and it could have obtained a roof inspection to determine the quality and competency of the installation, at the Sorrentinos' expense. At trial, the Association stipulated as to both of these facts; the skylights were protected by section 163.04, and they had been properly installed. It follows that the Association could not have forbidden permission to install the skylights and that although the Sorrentinos should not have installed them without prior written permission, no damage was done.
To determine which party prevailed, the court should focus on which one prevailed on the significant issues involved in the litigation. Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992). A measure of this test is the result obtained at the close of the case. Granoff v. Seidle, 915 So.2d 674 (Fla. 5th DCA 2005). See also Colonel v. Meyerson, 921 So.2d 690 (Fla. 5th DCA 2006). The test is not who was partly at fault in creating the controversy which gave rise to the lawsuit.
This is not a case involving complex contract claims where both sides fought to a draw and neither won or lost. See Merchants Bonding Co., v. City of Melbourne, 832 So.2d 184 (Fla. 5th DCA 2002). Nor is it similar to Brevard County Fair Assn., Inc. v. Cocoa Expo, Inc., 832 So.2d 147 (Fla. 5th DCA 2002) where both parties won and lost on significant issues in the litigation. In such cases this Court applies the abuse of discretion standard of review because there may be no prevailing party, or some question as to which one actually prevailed.
In this case, the Sorrentinos prevailed on all of the significant issues raised in this litigation: the constitutionality of section 163.04; the applicability of section 163.04 to the skylights; the proper installation of the skylights; and the Association's right and power to require removal of the skylights. And the Sorrentinos obtained the result they sought in this litigation  to prevent the Association from requiring removal of the skylights. The Association failed to obtain the result it sought  removal of the skylights.
There are three possible sources for an award of prevailing party attorney fees. One quoted above is section 163.04. It appears to us that section was essential as a defense, despite the trial judge's statement to the contrary. Even if it did not figure in the result, both the Declaration of *1066 the Condominium and the statute governing condominiums have prevailing party attorney's fee provisions when lawsuits are filed to enforce provisions of the Condominium Declaration:
In any proceeding arising because of alleged failure of a unit owner to comply with the terms of the Declaration . . . the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorney fees as may be awarded by the court.
¶ 18.2, Declaration of Condominium.
(1) Each unit owner . . . and each association shall be governed by and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws and the provisions thereof shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, brought by the association or by a unit owner against:
(a) The association.
(b) A unit owner.
* * *
The prevailing party in any such action or in any action in which the purchaser claims a right of voidability based upon contractual provisions as required in s. 788.503(1)(a) is entitled to recover reasonable attorney's fees.
§ 718.303(1), Fla. Stat. (2002).
Where there is a party who clearly prevailed under the tests stated above, and there is a prevailing party statute or contract, reasonable attorney fees must be awarded. See Lasco Enterprises, Inc. v. Kohlbrand, 819 So.2d 821 (Fla. 5th DCA 2002). In this case there is no valid legal reason to deny the Sorrentinos a prevailing party attorney fee award. Thus we reverse that part of the final judgment which denied them an attorney fee award and remand to the trial court to determine a reasonable attorney fee and costs, to be assessed against the Association.
REVERSED in part; REMANDED.
TORPY and LAWSON, JJ., concur.
NOTES
[1] The record is unclear whether one or two skylights were installed, but this factual detail is irrelevant to the case.
[2] Zullo v. Zullo, 317 So.2d 453 (Fla. 3d DCA 1975) (where there is no record, and the appellant accepts the findings of fact, the district court reviews only issues of law).
[3] ¶ 9.1.3 and ¶ 10.1.5.