981 So.2d 557 (2008)
Maria IANNUZZELLI, Appellant,
v.
Daniel F. LOVETT, Appellee.
No. 3D07-902.
District Court of Appeal of Florida, Third District.
May 7, 2008.
*558 Austin & Laurato and Michael Vincent Laurato, Tampa, for appellant.
Weiss & Kahn and Owen E. Kahn, Coral Gables, for appellee.
Before RAMIREZ and SALTER, JJ., and SCHWARTZ, Senior Judge.
SALTER, J.
This appeal from rulings in a circuit court dissolution of marriage action involves the relationship between well-settled state law and a federal "affidavit of support" required when foreign citizens marry sponsors in the United States and seek naturalization here. Appellant, Maria Iannuzzelli, is the (now) former wife and immigrant, and Daniel Lovett is the former husband and Ms. Iannuzzelli's U.S. sponsor.
We find that the trial court correctly applied the applicable Florida and federal laws, and we therefore affirm the orders below. Because of the novel legal issues, we describe the immigration affidavit and *559 its application in a Florida dissolution of marriage proceeding.

The Federal Affidavit of Support
Ms. Iannuzzelli is an immigrant to the United States. In 2004, she married Mr. Lovett, a U.S. citizen. Shortly thereafter, Mr. Lovett petitioned the U.S. Citizenship and Immigration Services for Ms. Iannuzzelli to attain lawful permanent U.S. residency. As part of the family-based application process, Mr. Lovett was required to execute a federal Form I-864 Affidavit of Support (the "Affidavit"). 8 U.S.C. § 1183a (2004). In the Affidavit, Mr. Lovett promised to support Ms. Iannuzzelli at a minimum of 125% of the federal poverty level during the period that the Affidavit is enforceable.[1] The Affidavit is fully enforceable by the sponsored immigrant, the U.S. Government, or state or local administrators of means tested benefit programs, in "any appropriate court," 8 U.S.C. § 1183a(e), and its enforceability survives divorce. Schwartz v. Schwartz, No. CIV-04-770-M, 2005 WL 1242171, at *2 (W.D.Okla. May 10, 2005). Although the Affidavit is between the sponsor of the immigrant and the federal government, the immigrant can bring an action to enforce the Affidavit, and the federal law provides remedies available to a person seeking its enforcement. 8 U.S.C. § 1183a(c). Among other remedies, the provision incorporates an award of attorney's fees and costs associated with the collection process under the Affidavit.

The Florida Dissolution Action
The marriage between Ms. Iannuzzelli and Mr. Lovett lasted approximately one year. The couple acquired no property and had no children. During the pendency of the dissolution proceeding, Ms. Iannuzzelli sought enforcement of the Affidavit against Mr. Lovett. The circuit court acknowledged the enforceability of the Affidavit and granted Ms. Iannuzzelli's motion for partial summary judgment on the issue of liability. The trial court declined, however, to grant Ms. Iannuzzelli damages under the Affidavit. Rather, the court awarded Ms. Iannuzzelli a lump-sum alimony award of $9000, pursuant to chapter 61, Florida Statutes (2007).[2] The court then denied Ms. Iannuzzelli's request for over $23,000 in attorney's fees and costs, and this appeal followed.
The standard of review for an award or denial of attorney's fees in a Florida dissolution of marriage proceeding is abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). However, the court's determination that Ms. Iannuzzelli did not have a separate entitlement to attorney's fees and costs under the federal provision and Affidavit is a question of law subject to de novo review. See BellSouth Telecomm., Inc. v. Meeks, 863 So.2d 287 (Fla.2003).

Analysis
I. Claim for Attorney's Fees Under Section 61.16, Florida Statutes
The circuit court denied Ms. Iannuzzelli attorney's fees and costs pursuant to section 61.16, Florida Statutes (2007). Based on the evidence presented, the court found that, while Ms. Iannuzzelli did have a need *560 for attorney's fees, Mr. Lovett did not have the ability to pay.
A trial court has broad discretion when determining whether attorney's fees and costs should be awarded in a dissolution proceeding. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997). The record supports the trial court's findings regarding Ms. Iannuzzelli's need and Mr. Lovett's ability to pay. Moreover, the marriage was of short duration and the couple had no assets to distribute. The only alimony awarded was in the form of a lump-sum $9000 award, which Ms. Iannuzzelli concedes was awarded "based on equitable principles." Under these facts, the court did not abuse its discretion by denying Ms. Iannuzzelli attorney's fees and costs pursuant to section 61.16.
II. Claim for Attorney's Fees Under 8 U.S.C. § 1183a
Ms. Iannuzzelli argues that even if attorney's fees and costs were not awardable under state law, she is entitled to them under federal law, liability having been established under the Affidavit. She asserts that 8 U.S.C § 1183a(c), which describes "available" remedies for the enforcement of an affidavit of support, mandates an award of attorney's fees and costs. We disagree. The federal statute provides:
(c) Remedies
Remedies available to enforce an affidavit of support under this section include any or all of the remedies described in section 3201, 3203, 3204, or 3205 of Title 28, as well as an order for specific performance and payment of legal fees and other costs of collection, and include corresponding remedies available under State law.
8 U.S.C. § 1183a(c) (emphasis added). Further, the Affidavit signed by Mr. Lovett contains this provision:
Collection of Judgment.
I acknowledge that a plaintiff may seek specific performance of my support obligation. Furthermore, any money judgment against me based on this affidavit of support may be collected through the use of a judgment lien. . . . I may also be held liable for costs of collection, including attorney fees.
INS Form I-864 (Rev. 11/05/01) Y Page 6 (emphasis added). Read together, the clear connotation of these provisions is that attorney's fees and costs may be awarded for the cost of collection of damages under the Affidavit, but only when a money judgment has been obtained. Moreover, the plain meaning of "collection" is "the act of collecting (as taxes by a tax collector)." Webster's Third New International Dictionary 444 (unabridged ed. 1986); see also Bryan A. Garner, A Dictionary of Modern Legal Usage 170 (2d ed. 1995) (noting that the term "collect" is used loosely and is typically read to mean "being awarded"). This interpretation is consistent with Florida law on awards of attorney fees and costs. See Tacher v. Mathews, 845 So.2d 332 (Fla. 3d DCA 2003) (interpreting "judgment" to mean the actual recovery of damages, and determining that an award of zero damages is equivalent to a defense judgment; thus holding that the party who obtained the zero damage judgment was not entitled to attorney fees and costs as the "prevailing party," pursuant to section 57.041, Florida Statutes (2003)).
Although Mr. Lovett was found liable on the Affidavit, Ms. Iannuzzelli did not "collect" any damages, as provided by the federal law. Cf. Tacher, 845 So.2d at 335 (stating that although the defendant was found liable to the plaintiff, the defendant owed "no obligation" to the plaintiff). In order to recover attorney's fees and costs *561 under 8 U.S.C. § 1183a(c), the claimant must obtain a judgment for actual damages based upon the opposing party's liability under the Affidavit. A finding of liability, without more, is insufficient.

Conclusion
Ms. Iannuzzelli properly conceded in her motion for attorney's fees and costs that "[a]t the trial of this cause, it was determined that [she] was unable to prove that she has been unable to sustain herself at 125% of the poverty level since her separation from the marriage." As a result, she was not awarded any damages under the Affidavit or the applicable federal statute, and the trial court properly denied an award of attorney's fees and costs under the Affidavit and federal statute.
This opinion does not alter the enforceability of the Affidavit, or Mr. Lovett's liability to Ms. Iannuzzelli under the Affidavit, should her post-trial circumstances warrant later enforcement.[3] Nor does it affect Ms. Iannuzzelli's right to claim and recover attorney's fees and costs in the future, if Ms. Iannuzzelli alleges and proves future damages under the Affidavit. We only hold that on the record before us, the trial court ruled correctly that Ms. Iannuzzelli was not entitled to attorney's fees and costs under section 61.16, Florida Statutes, the Affidavit, or 8 U.S.C. § 1183a(c).
Affirmed.
NOTES
[1] The provision was added to the immigration statutes in 1996 in an effort to assure that immigrants would not become a "public charge" eligible for various government benefits. The affiant/sponsor assures the government and the sponsored immigrant that the immigrant's income will be sufficient to preclude eligibility for those benefits. See Stump v. Stump, No. 1:04-CV-253-TS, 2005 WL 1290658, at *9 (N.D.Ind. May 27, 2005).
[2] This "bridge-the-gap" alimony was estimated based on the former wife's rent and living expenses for three months.
[3] Ms. Iannuzzelli would have to claim and prove, within the effective term of the Affidavit, the amount by which her income fell short of 125% of the poverty level. Such claims are essentially breach of contract claims and may be subject to an affirmative defense of "failure to mitigate" if the claimant intentionally avoids employment. Stump, 2005 WL 2757329, at *7.