WHATLEY, J.,
Dissenting.
I respectfully dissent. This case centers not on what transpired at the hearing on attorney’s fees but rather on what was decided. The trial judge needed to award a reasonable fee, but under the circumstances could not fail to award any fee. For example, the majority cites to Bornschein, 987 So.2d 172, for the proposition that no findings by the trial court were required. But Bornschein was an offer of judgment fee case. Likewise, Bethune, 510 So.2d 1039, involved a frivolous claim under section 57.105.
The controlling law is set forth in Sorrentino v. River Run Condominium Association, 925 So.2d 1060 (Fla. 5th DCA 2006). The trial court had denied an award of attorney’s fees to the Sorrenti-nos, the prevailing party. There was no transcript. The Sorrentino court stated, “Where there is a party who clearly prevailed under the tests stated above, and there is a prevailing party statute or contract, reasonable attorney fees must be *128 awarded.” Id. at 1066. The operative word is “must.” Similarly, in Nudel the court held that the defendant was the prevailing party under section 57.105(7) and was entitled to recover attorney’s fees. 60 So.3d at 1165.
Thus, the court was bound to award Raza’s counsel a reasonable fee. The range of that fee would have been from a high of the flat fee amount to a low of a nominal fee, if there were a complete absence of proof. At a minimum the trial court was on notice that Raza’s counsel had interviewed and met with Raza, collected documents, reviewed correspondence, researched the law, searched public records, drafted motions, prepared for and attended hearings, and prepared a well-stated answer and affirmative defenses. And it does not escape attention that Raza’s counsel prevailed in this litigation brought by the Bank.
There was no basis in law or logic to deny Raza a reasonable attorney’s fee.
I would reverse and remand for a new attorney’s fee hearing.